Rodger WRIGHT, Appellant,

v.

The STATE of Texas, Appellee.

Nos. 43980, 43984.

Court of Criminal Appeals of Texas.

July 14, 1971.

Rehearing Denied Oct. 26, 1971.

Erhard, Cox & Ruebel by Daniel W. Shieder, Jr., Dallas, for appellant.

Henry Wade, Dist. Atty., John B. Tolle, Harry J. Schulz, Jr., W. T. Westmoreland, Jr., Edgar A. Mason and James S. Moss, Asst. Dist. Attys., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

These are appeals from two convictions for sale of lysergic acid diethylamide

(LSD). The punishment was assessed by the court at four years in each case to run concurrently.

The sufficiency of the evidence is not challenged.

Appellant complains solely that the trial court erred in not granting his motion to quash the indictment on the grounds that the Dangerous Drug statute is unconstitutional. The appellant contends that H. B. No. 142, Chapter 437, Acts of 61st Legislature, Regular Session, 1969, violates Article 3, Section 35 of the Constitution of the State of Texas, Vernon's Ann.St. This amendment to the "Texas Dangerous Drug Law" was written among other reasons

> "[T]o include lysergic acid diethylamide and other hallucinogens in the list defining 'dangerous drugs' and specifying their possession and sale to be an unlawful act and providing penalties; * * *."

This replaces S. B. No. 17, Chapter 720, Acts of 60th Legislature, Regular Session, 1967, which was declared unconstitutional by this Court in White v. State, Tex.Cr. App., 440 S.W.2d 660, for violating Article 3, Section 35 of the Constitution of the State of Texas. In White we held that the caption or title in the amendatory act did not apprise the legislature and public of drastic changes in penalties included in the subject matter of the act. The rationale of this Court was that the

> "[R]eason underlying this constitutional requirement is to advise the Legislature and the people of the nature of each particular bill so as to prevent the insertion of obnoxious clauses which might otherwise be engrafted on it and become law."

Often, we noted, "The caption or title of an act, * * * is * * * the only part of the bill read by busy members of the legislature" and it should give them and the people "a ready and reasonably accurate means of knowledge of the contents of bills."

■ Appellant contends that no fair warning is given concerning the subject matter of the amendatory act because the caption states it is amending Article 726d, Vernon's Texas Civil Statutes rather than Vernon's Texas Penal Code.

In Katz v. State, 122 Tex.Cr.R. 231, 54 S.W.2d 130, this Court held an amendatory act violative of Article 3, Section 35, supra, because the caption purported only to amend Section 14, Article 7047 of the Revised Civil Statutes of 1925 whereas the act itself amended Section 15. This was unconstitutional as containing legislation on matter not expressed in the title. Fair notice was not thereby given.

The appellant contends similar unconstitutionality in this case since the title refers to a *civil* statute and cannot give fair warning of a change in a *criminal* statute. The contention in this case is without merit. The caption has not one but three references to the act to be amended. The amended act is first called the "Texas Dangerous Drug Law;" secondly, it is called Sections 2, 3, 6, 14 and 15, Chapter 425, Acts of the 56th Legislature, Regular Session, 1959; and finally, it is called Article 726d, Vernon's Texas Civil Statutes. The latter reference is placed in parentheses and the entire tone of the remainder of the caption is that of an amendment of a criminal not a civil statute.

The Legislature amended its official acts. Vernon's Statutes are not the official publication of our statutes. Hence, the reference to a civil statute was surplusage and in the circumstances neither seriously misleading nor a denial of fair warning.

■ Next, the appellant challenges the constitutionality of the statute as giving no fair warning in the caption of any intent to make a drastic and radical change in the penalty provisions of the original act. Such an error was the basis of the decision in White v. State, supra. In the 1967 amendment, however, the caption gave no

notice of any special penalties for the acts made unlawful by the amendment nor that the former uniform penalty was being materially restricted. White v. State, supra, at page 666, note 8. The caption to the 1969 amendment states that penalties will be "provided" in five places and "increased" in one. Fair warning was given that penalties were to be included in the amendatory act and that they would vary the former uniform penalty of the 1959 act. This contention is overruled.

 Appellant complains that Section 15(b) of the amendatory act is vague and indefinite because the word "years" does not follow the phrase "less than two (2)" in the provision stating the punishment for those selling or delivering a dangerous drug to be "not less than two (2) nor more than ten (10) years." He cites Thompson v. State, 154 Tex.Cr.R. 273, 226 S.W.2d 872, which held a judgment void for want of certainty as to the punishment assessed at confinement for "2 to 10 years." Lack of certainty did not lie in whether "2" meant days, months, or years but in the failure to specify a determined number of years in the judgment. This complaint has no merit since it is clear from the amendatory act that "not less than two (2)" refers to years.

The contention that Section 15(b) of the amendatory act is uncertain because the words "is punishable" are used rather than the more common "shall be punished" is without merit. From the statute as a whole no other reasonable meaning can be taken from "shall be guilty of a felony and is punishable" than that a person found guilty of the sale of dangerous drugs shall be punished according to the statute.

Appellant contends that the indictment charges him with "sale" of a dangerous drug and the amendatory act in Section 3(a) only makes "delivery" of a dangerous drug illegal. Section 2(b) defines the term "delivery" to mean "sale, dispensing, giving away, or supplying in any other

manner." The statute is not vague and an indictment charging sale of a dangerous drug puts a person on notice of the crime for which he is charged. This contention is without merit.

Finding no error in the trial court's overruling of appellant's motion to quash the indictment, the judgment is affirmed.

ONION, P. J., not participating.