**Darwin Hugh CRABB, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 47233.**

Court of Criminal Appeals of Texas.

Jan. 9, 1974.

Bob Carroll, Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and Sam Adamo, Asst. Dist. Attys., Houston, Jim D. Vollers, State's Atty., and Buddy Stevens, Asst. State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

Conviction is for willfully fleeing from and attempting to elude a police officer in violation of Art. 6701d, Sec. 186(a), Vernon's Ann.Tex.Civ.St.; the punishment, a $300.00 fine.

Appellant was arrested in Houston on September 9, 1972, and thereafter charged by affidavit with "fleeing" from 7200 South Harbor to 7100 Avenue O in Houston. He was also issued a citation for "speeding" within the distance between the 7200 block and the 7000 block upon South Harbor in Houston. Appellant was convicted on the speeding charge in the Municipal Court on October 13, 1972, and was fined $30.00 which judgment became final. On November 9, 1972, he was brought to trial in this case and urged his plea of double jeopardy based on the prior speeding conviction. Appellant's plea was overruled and appellant was found guilty, from which conviction he brings this appeal.

Appellant challenges his conviction by five grounds of error, all of which contend that he was placed in double jeopardy by virtue of his former conviction for speeding, such being a violation of the 5th and 14th Amendments to the Constitution of the United States.

The fleeing statute, Art. 6701d, Sec. 186(a), supra, reads in part as follows:

"Any driver of a motor vehicle who willfully fails or refuses to bring his vehicle to a stop, or who otherwise flees or attempts to elude a pursuing police vehicle, when given visual or audible signal to bring the vehicle to a stop, shall be guilty of a misdemeanor. The signal given by the police officer may be by hand, voice, emergency light or siren. The officer giving such signal shall be in uniform, prominently displaying a badge of office, and his vehicle shall be appropriately marked showing it to be an official police vehicle."

The speeding statute, Art. 6701d, Sec. 166, supra, reads in part as follows:

"No person shall drive a vehicle on a highway at a speed greater than is reasonable and prudent under the circumstances then existing."

■ Speeding is not a necessary element or a lesser included offense of fleeing. Speeding is a "no intent" offense while fleeing involves a willful act.

■ We concluded in McMillan v. State, Tex.Cr.App., 468 S.W.2d 444, that the offenses of driving while intoxicated

and driving on the left hand side of the road were two separate offenses. Similarly, we conclude that fleeing and speeding are separate and distinct offenses.

Furthermore, the stipulated evidence reflects that the speeding offense was committed within the 7200 and 7000 blocks of South Harbor Street in Houston. Although the fleeing offense also occurred within this same area, the stipulated evidence shows that appellant continued to flee from the police vehicle from the 7000 block of South Harbor to the 7100 block of Avenue O. Appellant's Exhibit No. 1, being the affidavit of the arresting officer, alleges the fleeing offense to be from 7200 South Harbor to 7100 Avenue O. Therefore, there is sufficient evidence establishing the two offenses as separate and distinct in that the fleeing offense occurred at a different place from and at a subsequent time to the speeding offense.

The judgment is affirmed.