**Frank Henry HARVEY, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 48833.**

Court of Criminal Appeals of Texas.

Sept. 18, 1974.

---

Ray Stevens, Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and Michael J. Brown, Asst. Dist. Atty., Houston, Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

GREEN, Commissioner.

Appellant was convicted in a trial before the court of willfully fleeing from a police officer in violation of Vernon's Tex.Civ. Stat.Ann. art. 6701d, § 186(a). Punishment was assessed at a fine of $100.

The record reflects that on the night of April 8, 1972, Houston police officers observed appellant's car speeding and weaving in and out of traffic on Lockwood Street in Houston. The officers turned

their car around and followed the appellant. They clocked the appellant's speed and in the 7600 or 7700 block of Lockwood they turned on their red lights and siren. The officers were driving a marked police vehicle and were dressed in the standard uniform of a Houston police officer. The appellant proceeded down Lockwood and in turning onto Weaver Road ran a red light. Also at this time the appellant turned off all of his car lights. The appellant proceeded down Weaver Road several blocks and turned onto Wallivale Street. He traveled down Wallivale six to seven blocks before coming to a stop. The appellant alighted from the automobile and ran to a nearby house where he was apprehended.

In his first ground of error, the appellant contends he was placed in double jeopardy, by virtue of his former conviction for speeding, in violation of the Fifth and Fourteenth Amendments to the United States Constitution.

■ The holding of Crabb v. State, Tex.Cr.App., 503 S.W.2d 260, is dispositive of appellant's contention. This Court in Crabb, supra, held that speeding and fleeing are separate and distinct offenses. The evidence in the instant case, as in Crabb, also shows that appellant continued to flee from the police vehicle after the speeding offenses had occurred. The appellant was given two tickets for speeding, one for speeding in the 2700 and 2900 blocks of Lockwood and one for speeding in the 5000 block of Weaver Road. The evidence reflects appellant's flight continued past Weaver Road several more blocks down Wallivale Street. Therefore, there is sufficient evidence establishing the two offenses of speeding and fleeing are separate and distinct in that the fleeing offense occurred at a different place from and at a subsequent time to the speeding offenses.

Appellant's first ground of error is overruled.

■ In his second ground of error, the appellant contends Art. 6701d, § 186, is unconstitutional in that the caption or title to the amending act providing for § 186 was insufficient to apprise the Legislature and the public of the drastic changes in the penalties, thus violating Art. III, Sec. 35, of the Texas Constitution,[1] Vernon's Ann.St.

The reason underlying the constitutional requirement of Art. III, Sec. 35, is to provide notice to tthe Legislature and the public of the nature of each particular bill so as to prevent the insertion of obnoxious clauses which might otherwise be engrafted on it and become law. White v. State, Tex.Cr. App., 440 S.W.2d 660 and cases cited therein.

The caption to the amendment in question, Acts 1971, ch. 83, § 186, at 723, reads as follows:

" . . . adding Section 186 on fleeing or attempting to elude a police officer; . . ."

The amendment provides:

"Sec. 186. (a) Any driver of a motor vehicle who willfully fails or refuses to bring his vehicle to a stop, or who otherwise flees or attempts to elude a pursuing police vehicle, when given visual or audible signal to bring the vehicle to a stop, shall be guilty of a misdemeanor. The signal given by the police officer may be by hand, voice, emergency light or siren. The officer giving such signal shall be in uniform, prominently displaying his badge of office, and his vehicle shall be appropriately marked showing it to be an official police vehicle.

"(b) Every person convicted of fleeing or attempting to elude a police

---

1. Art. III, Sec. 35, of the Texas Constitution provides: "No bill . . . shall contain more than one subject, which shall be expressed in its title. But if any subject shall be embraced in an act, which shall not be expressed in the title, such act shall be void only as to so much thereof, as shall not be so expressed."

officer shall be punished by imprisonment for not less than thirty (30) days nor more than six (6) months or by a fine of not less than One Hundred Dollars ($100) nor more than Five Hundred Dollars ($500) or by both such fine and imprisonment."

■■ It has been held that in applying Art. III, Sec. 35 of the Constitution the caption or title of the act should be liberally construed so as to uphold its validity rather than giving the act a strict construction which would lead to striking down the act or a part thereof. A liberal construction will not, of course, be followed to the extent of allowing the Legislature to by-pass constitutional restrictions. Also, a stricter rule of conformity of title to subject matter is required in amendments than to titles of original acts. *White,* supra, 440 S.W.2d at 665.

Art. 6701d, § 143, provides a general penalty provision for violations of the statute which does not include jail time.[2] The caption to the § 186 amendment failed to indicate that a material change in the general penalty provision of Art. 6701d was being made.

In *White,* supra, this Court held the caption amending the Dangerous Drug Act, Art. 726d, Vernon's Ann.P.C., violated Art. III, Sec. 35, of the Texas Constitution because it failed to indicate the material changes in the penalty prescribed by the preexisting statute. In Wright v. State, 471 S.W.2d 407, this Court, in upholding an amendment by the 61st Legislature to the Dangerous Drug Act to replace the amendment ruled unconstitutional in *White,* stated:

"In the 1967 amendment, however, the caption gave no notice of any special penalties for the acts made unlawful by

the amendment nor that the former uniform penalty was being materially restricted. White v. State, supra, at page 666, note 8. The caption to the 1969 amendment states that penalties will be 'provided' in five places and 'increased' in one. Fair warning was given that penalties were to be included in the amendatory act and that they would vary the former uniform penalty of the 1959 act."

In the instant case, the existing statute contained a general penalty provision for the various violations in the statute which did not specifically provide for penalties. And, as in *White,* the caption to the amendment of the statute fails to give fair notice that the penalty was to be materially altered from its general provisions. Therefore, in that respect the amendment violates Art. III, Sec. 35, of the Texas Constitution.

However, unlike *White,* the amending act in the present case contains a severability clause. Acts 1971, ch. 83, § 104, at 773 provides:

"Sec. 104. If any provision of this Act or the application thereof to any person or circumstances is held invalid, such invalidity shall not affect other provisions or applications of the Act which can be given effect without the invalid provision or application, and to this end the provisions of this Act are declared to be severable."

■■ By applying the above severability clause in conjunction with the portion of Art. III, Sec. 35, of the Constitution which provides, "such act shall be void only as to so much thereof, as shall not be so expressed," we find § 186(a), which provides for the offense of fleeing a police officer, is a valid enactment in accordance

---

2. "Sec. 143(a). It is a misdemeanor for any person to violate any of the provisions of this Act unless such violation is by this Act or other law of this State declared to be a felony.

"(b) Every person convicted of a misdemeanor for a violation of any of the provisions of this Act for which another penalty is not provided shall be punished by a fine of not less than One ($1.00) Dollar nor more than Two Hundred ($200.00) Dollars."

with the legislative intention of providing for such an offense. Smith v. Blackwell, Tex.Cr.App., 500 S.W.2d 97. Since the penalty in the instant case was a $100 fine, it clearly falls within the range provided by the general penalty provision of § 143, supra. See Stein v. State, Tex.Cr.App., 515 S.W.2d 104 (1974); Besson v. State, Tex.Cr.App., 515 S.W.2d 112 (1974).

Thus, the present conviction under § 186(a) can be upheld, even though the penalty provision of § 186(b), adding a provision for jail time, is unconstitutional.

Appellant's second ground of error is overruled.

The judgment is affirmed.

Opinion approved by the Court.

ROBERTS, J., concurs in the result.