**Henry Deon BESSON, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 48468.**

Court of Criminal Appeals of Texas.

Sept. 18, 1974.

## OPINION

DOUGLAS, Judge.

This is an appeal from a conviction of wilfully fleeing from and attempting to elude a police officer as denounced by Article 6701d, Section 186, Vernon's Ann.R.C.S. The jury found the appellant guilty and the court assessed the punishment at a fine of two hundred dollars and three months in jail with the three months probated for a period of six months.

The appellant was observed participating in a "drag" race by an off-duty policeman of the North Richland Hills Police Department. The officer proceeded to chase the automobiles. When the two drivers abandoned the drag race, the officer continued to pursue one of the drivers, later identified as appellant. The officer was joined

in the chase by two other police officers. The appellant was arrested when he stopped at his father's grocery store.

The appellant contends that the statute is unconstitutional, because the captions of the Act that created the offense for which the appellant was found guilty violated the requirements of Article 3, Section 35, Texas Constitution, Vernon's Ann.St.

In *Stein v. State*, Tex.Cr.App., 515 S. W.2d 104, and *Harvey v. State*, Tex.Cr. App., 515 S.W.2d 108, both this day decided, we held that the penalty subsection 186(b), supra, was unconstitutional because the caption failed to apprise the legislators and the general public that a specific penalty was added along with the newly created offense. The subsection 186(a) defining the offense was held valid and enforceable through Section 143, the general penalty provision of Article 6701d. Article 186(a) reads as follows:

"(a) Any driver of a motor vehicle who willfully fails or refuses to bring his vehicle to a stop, or who otherwise flees or attempts to elude a pursuing police vehicle, when given visual or audible signal to bring the vehicle to a stop, shall be guilty of a misdemeanor. The signal given by the police officer may be by hand, voice, emergency light or siren. The officer giving such signal shall be in uniform, prominently displaying his badge of office, and his vehicle shall be appropriately marked showing it to be an official police vehicle."

■ We hold that the statute is sufficiently definite.

■ The complaint and information must allege facts necessary to show that the offense was committed and must give the defendant notice of precisely what he is charged. See *Terry v. State*, Tex.Cr. App., 471 S.W.2d 848 (1971); American

Plant Food Corp. v. State, Tex.Cr.App., 508 S.W.2d 598 (1974), and Article 21.11, Vernon's Ann.C.C.P.

■ The complaint and information failed to allege, among other things, (1) that this appellant was specifically given a signal to stop, and (2) that the appellant's vehicle was a motor vehicle. Section 186(a) defines each of these as elements of the offense. Thus, the complaint and information did not allege an offense under the statute.[1]

For such reason, the judgment is reversed and the prosecution ordered dismissed.

1. Even if the complaint and information could be held sufficient, the punishment is greater than authorized by the constitutional part of the statute and could not be upheld.