Tommy Ray STEIN, Appellant,

v.

The STATE of Texas, Appellee.

No. 48596.

Court of Criminal Appeals of Texas.

Charles Dickens and Frank W. Sullivan, III, Fort Worth, for appellant.

Tim Curry, Dist. Atty. Donald N. Turner and Wm. A. Knapp, Asst. Dist. Attys., Fort Worth, Jim D. Vollers, State's Atty., Austin, for the State.

DOUGLAS, Judge.

This is an appeal from a conviction of wilfully fleeing from a police officer as denounced by Article 6701d, Section 186, Vernon's Ann.R.C.S., Acts 1971, 62nd Leg., Chapter 83, page 722. The jury assessed the punishment at a fine of one hundred dollars.

The sufficiency of the evidence is not challenged.

The main contentions of appellant are that Section 186 of the Act is unconstitutional because the caption does not indicate that the amendment prescribes a penalty contrary to the provisions of the Texas Constitution, Article 3, Section 35, Vernon's Ann.St., and that the amendment is unconstitutionally vague and indefinite.[1]

The arresting officer testified that he stopped appellant for speeding, running a red light and for having a loud exhaust. When the officer attempted to give the citations to appellant, he became angry and abusive and refused to take them. The officer attempted to restrain appellant. Appellant began to drive his pickup truck away while holding onto the officer's arm. The officer pulled free and pursued appellant several blocks. The appellant stopped and ran into a house. Other officers arrived and appellant was placed under arrest.

A motion to quash the indictment on the ground that the statute was unconstitutional was overruled. The appellant requested special charges at both the guilt and penalty stages to the effect that the correct penalty for a violation of Article 6701d, Section 186, supra, was not prescribed by that section but under the penalty provision, Section 143.

Before the present enactment by the 62nd Legislature, Article 6701d did not include an offense for fleeing or attempting to elude a police officer. The amendment added Section 186 which provides:

"(a) Any driver of a motor vehicle who willfully fails or refuses to bring

1. The contention that appellant was placed in jeopardy by permitting a charge for speeding and for wilfully eluding a peace officer was answered adversely to him in Crabb v. State, Tex.Cr.App., 503 S.W.2d 260.

his vehicle to a stop, or who otherwise flees or attempts to elude a pursuing police vehicle, when given visual or audible signal to bring the vehicle to a stop, shall be guilty of a misdemeanor. The signal given by the police officer may be by hand, voice, emergency light or siren. The officer giving such signal shall be in uniform, prominently displaying his badge of office, and his vehicle shall be appropriately marked showing it to be an official police vehicle.

"(b) Every person convicted of fleeing or attempting to elude a police officer shall be punished by imprisonment for not less than thirty (30) days nor more than six (6) months or by a fine of not less than One Hundred Dollars ($100) nor more than Five Hundred Dollars ($500), or by both such fine and imprisonment."

The article had and still has the same general penalty provision, Section 143, which provides:

"(a) It is a misdemeanor for any person to violate any of the provisions of this Act unless such violation is by this Act or other law of this State declared a felony.

"(b) Every person convicted of a misdemeanor for a violation of any of the provisions of this Act for which another penalty is not provided shall be punished by a fine of not less than One ($1.00) Dollar nor more than Two Hundred ($200.00) Dollars."

Also, Section 22 states:

"It is unlawful and unless otherwise declared in this Act with respect to particular offenses, it is a misdemeanor for any person to do any act forbidden or fail to perform any act required in this Act."

Prior to the amendment enacted by the 62nd Legislature, there were only two sections, 50 and 162, which provided for specific penalties.

The caption for the 1971 amending act is:

"An Act reenacting and amending Sections . . ., 50, . . . 139, . . . of Chpater 421, Acts of the 50th Legislature, 1947, as amended (Article 6701d, Vernon's Texas Civil Statutes); . . . adding Section 50A on homicide by a vehicle; adding Section 51(b) on penalty for reckless driving; . . .; adding Section 186 on fleeing or attempting to elude a police officer; adding Section 187 on driving upon sidewalk; . . .; and declaring an emergency." (Acts 1971, 62nd Leg., ch. 83, pp. 722, 723) [2]

Article 3, Section 35, of the Texas Constitution, provides:

"No bill . . . shall contain more than one subject, which shall be expressed in the title. But if any subject shall be embraced in an act, which shall not be expressed in the title, such act shall be void only as to so much thereof, as shall not be so expressed."

No penalty provision nor change in penalty from the general penalty already in the statute was indicated for any other section in the amendment except for the addition of 51(b).

---

2. The act in question included amendments to Article 6701d as follows:

(a) In Section 50, Persons under Influence, the existing specific penalty provision was changed by increasing the fine and providing for enhancement. The caption makes no mention of the change in penalty.

(b) Section 50A, Homicide by Vehicle, was added. The body of the act included a specific penalty but no mention of a penalty in the caption.

(c) Section 51(b) was added to provide a specific penalty where one did not previously exist. The caption did mention the addition of a penalty.

(d) Section 139 was provided as specific penalty. There was no indication of the addition in the caption but the penalty is very similar to the general penalty in Section 143.

(e) Section 186, the section here in question, was added.

When a statute is attacked as a violation of Article 3, Section 35, the Court will use liberal construction so as to uphold it. However, this rule of liberal construction cannot be used to relieve the Legislature of the necessity of following the constitutional requirement. The purpose of the caption is to require the drafting of bills to provide fair notice of their content to the members of the Legislature and the general public. The necessity of fulfilling the constitutional requirement is especially true when the bill involved amends an existing statute. White v. State, 440 S.W.2d 660 (Tex.Cr.App.1969), and the cases cited therein; Whaley v. State, 496 S.W.2d 109 (Tex.Cr.App.1973). See also Castellano v. State, 458 S.W.2d 73 (Tex.Cr.App.1970), where the same rules are mentioned but where the facts were such that the statute complied with the constitutional requirement.

In White, the caption to the act amending the Dangerous Drug Act, Article 726d, Vernon's Ann.P.C., failed to mention changes in the penalty prescribed by the pre-existing statute. This failure to mention the penalty in the caption, while substantially changing the existing penalty in the body of the amending act, was fatal and the amendment was held unconstitutional. This Court concluded that the trial court erred in overruling the appellant's motion to quash the indictment.

In Wright v. State, 471 S.W.2d 407 (Tex.Cr.App.1971), this Court upheld a 1969 amendment by the 61st Legislature to the Dangerous Drug Act to replace the amendment ruled unconstitutional in White. In Wright, 471 S.W.2d at pages 408 and 409, the Court wrote:

" . . . In the 1967 amendment, however, the caption gave no notice of any special penalties for the acts made unlawful by the amendment nor that the former uniform penalty was being materially restricted. . . . The caption to the 1969 amendment states that penalties will be 'provided' in five places and 'increased' in one. Fair warning was given that penalties were to be included

in the amendatory act and that they would very the former uniform penalty of the 1959 act."

In White, as in this case, the existing statute contained a general penalty provision covering all violations of the various sections of the statute. Since there was no severability clause in the 1967 Dangerous Drug Act, as amended, the entire amendment fell, and the statute as it existed prior to the amendment remained valid and in force.

The penalty in Subsection 186(b), Article 6701d, supra, fails to meet the constitutional requirement and is void.

The amending act in question here contains a severability clause, Section 104 of S.B. 183, Acts 1971, supra, at page 773, as follows:

"If any provision of this Act or the application thereof to any person or circumstances is held invalid, such invalidity shall not affect other provisions or applications of the Act which can be given effect without the invalid provision or application, and to this end the provisions of this Act are declared to be severable."

Applying the severability clause and that portion of Article 3, Section 35 of the Constitution which provides, "such act shall be void only as to so much thereof, as shall not be so expressed" in the caption, the subsection defining the offense remains valid and enforceable. This remaining subsection defining the offense of eluding a police officer is complete within itself and is capable of being executed in accordance with the legislative intention of providing for such an offense. See Smith v. Blackwell, 500 S.W.2d 97 (Tex.Cr.App. 1974). The penalty for violation of the remaining portion of this section would be as defined in the general penalty provision discussed above. See White v. State, supra.

In Delorme v. State, 488 S.W.2d 808 (Tex.Cr.App.1973), the appellant challenged the constitutionally of a statute un-

der the First Amendment to the United States Constitution. This Court upheld part of the statute by striking the unconstitutional portions and affirmed the conviction because that part of the statute remaining was enforceable.

Thus, the violation of Section 186, supra, is upheld even though the specific penalty subsection is unconstitutional. Enforcement will be through the general penalty provision, Section 143. See Harvey v. State, Tex.Cr.App., 515 S.W.2d 108, and Besson v. State, Tex.Cr.App., 515 S.W.2d 112 (September 18, 1974).

 Appellant's contention that Section 186 is unconstitutionally vague and indefinite is without merit. Under the statute, the State must prove beyond a reasonable doubt that an accused has observed the officer, perceived the import of the officer's signals and intentionally, without any justifiable excuse, makes a distinct and obvious effort to flee or elude the police officer. See Crabb v. State, 503 S.W.2d 260 (Tex. Cr.App.1974).

Also, appellant complains that the statute is vague because it fails to properly define what constitutes a "signal to stop." Such words are to be construed in the sense in which they are understood in common language. See Sanford v. State, 492 S.W.2d 581 (Tex.Cr.App.1973), and Article 8, V. A.P.C., (1925). See also 53 Tex.Jur.2d, Statutes, Section 181. The type of signal to be given is specified by the statute but the phrase "signal to stop," although undefined therein, has a meaning well understood by automobile drivers. The offense as prescribed is neither vague nor indefinite.

Appellant complains that the court erred over proper objection in submitting to the jury the penalty of Article 6701d, Section 186(a), supra, instead of the penalty provision of Article 6701d, Section 143(b), V.A.C.S., which provides:

"Every person convicted of a misdemeanor for a violation of any of the provisions of this Act for which another penalty is not provided shall be punished by a fine of not less than One ($1.00) Dollar nor more than Two Hundred ($200.00) Dollars."

The court instructed the jury that the minimum punishment was $100.00. This amount was assessed by the jury. The jury was not authorized to assess the punishment at anything less.

We hold that the error reciting the minimum punishment in the court's charge is harmful especially in view of the fact that the jury assessed the minimum punishment authorized under the charge.

The appellant's motion for rehearing is granted. The prior opinion is withdrawn. The judgment of conviction is set aside and the cause is reversed and remanded for a new trial.[3]

---

3. Cf. Tumlinson v. State, Tex.Cr.App., 515 S.W.2d 113 wherein the cause was remanded for assessment of punishment where the trial was before the court.