Jarious William **BUCKINGHAM, Jr.,**
Appellant,

v.

The **STATE** of Texas, Appellee.

No. 49373.

Court of Criminal Appeals of Texas.

Dec. 4, 1974.

Carol S. Vance, Dist. Atty. and Clyde F. DeWitt, III, Asst. Dist. Atty., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

DOUGLAS, Judge.

Appellant was convicted by a jury for the offense of willfully fleeing from a police officer in violation of Art. 6701d, Section 186(a), Vernon's Ann.Civ.Stat. Punishment was assessed by the court at a fine of Five Hundred Dollars ($500.00).

In Stein v. State, 515 S.W.2d 104 (Tex.Cr.App., 1974), and Harvey v. State, 515 S.W.2d 108 (Tex.Cr.App., 1974), we held that the penalty subsection of Art. 6701d, Section 186(b), Vernon's Ann.Civ. Stat., was unconstitutional because the caption failed to apprise the legislators and the general public that a specific penalty was added along with a newly created offense of willfully fleeing from and attempting to elude a police officer, as denounced by Section 186(a), supra. See also Besson v. State, 515 S.W.2d 112 (Tex.Cr.App., 1974).

In the cases mentioned above we held that a violation of Section 186(a), supra, should be enforced through the general penalty provision as found in Art. 6701d, Section 143, Vernon's Ann.Civ.Stat. Sec-

tion 143 provides for a fine of not less than One Dollar ($1.00) nor more than Two Hundred Dollars ($200.00). The punishment in the instant case, being in excess of that provided under Section 143, supra, is not authorized. Since the punishment in the instant case was assessed by the court, the trial judge, upon receipt of the mandate of this Court, may assess a proper punishment. See Tumlinson v. State, 515 S.W.2d 113 (Tex.Cr.App., 1974).

The cause is remanded for the proper assessment of punishment.

It is so ordered.