**Will JEFFERSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 49770.**

Court of Criminal Appeals of Texas.

March 12, 1975.

---

Phillip S. Barker, Dallas, for appellant.

Henry Wade, Dist. Atty., Steve Wilensky and Robert Hinton, Asst. Dist. Attys., Dallas, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

This is an appeal from a conviction for robbery by assault with a firearm, where the punishment was assessed at forty-five (45) years by the court following a verdict of guilty.

Court-appointed counsel on appeal has filed a brief in which he concluded after an examination of the appellate record that the appeal is frivolous and without merit. Aware of the duties under Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L. Ed.2d 493 (1967), and Gainous v. State, 436 S.W.2d 137 (Tex.Cr.App.1969), he has served a copy of his brief upon the appellant. Such brief does not advance an arguable ground of error, but is sufficient as a professional evaluation of the record. See Currie v. State, 516 S.W.2d 684 (Tex. Cr.App.1974). The brief also states that counsel had discussed the matter with appellant and neither could find an arguable ground of error. No pro se brief has been filed.

We have carefully examined the record and find that appeal to be frivolous and without merit.

■ Porter Page clearly identified the appellant as one of two men who robbed him at his store, Red Top Liquors, in Dallas on December 28, 1973. A police officer testified as to appellant's arrest. The appellant offered no evidence at the guilt stage of the trial. He did offer evidence at the penalty stage of the trial before the court. The evidence is clearly sufficient to sustain the conviction.

■ We do note the offense occurred before the effective date of the new Penal Code, and the conviction was for the offense of robbery by assault with a firearm under the former Code. The trial commenced on April 8, 1974, and the appellant asked, as he was entitled to do, that the trial judge assess his punishment under the new Code, which apparently the court did.

■ The judgment and sentence reflect that the conviction was for aggravated robbery, an offense created by the new Penal Code which was not in effect at the time of the offense here in question. The fact that appellant asked to have his punishment assessed under the new Code does not change the nature of the offense. The judgment and sentence are reformed to show a conviction for robbery by assault with a firearm.

A copy of this opinion shall be forwarded to the Texas Department of Corrections.

As reformed, the judgment is affirmed.