Shirley Ann LEWIS, alias Price, alias Jones, Appellant,

v.

The STATE of Texas, Appellee.

No. 50369.

Court of Criminal Appeals of Texas.

Sept. 17, 1975.

Fred J. Marett, III, Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and Jack Bodiford, Asst. Dist. Attys., Houston, Jim D. Vollers, State's Atty. and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

This is an appeal from a conviction of robbery by firearms. Appellant pled guilty and sought probation. The court assessed punishment at forty years.

Appellant contends that she was admonished as to the range of punishment under the wrong statute and that the evidence is insufficient to support her plea of guilty.

First we will consider the admonishment. Appellant contends that the trial court erred in admonishing her as to the range of punishment for robbery under Article 1408 of the former penal code. She insists that the admonishment should have been for the range of punishment for aggravated robbery under the present code. There was no election for punishment to be assessed for aggravated robbery.

The offense occurred in October of 1973. The indictment was drawn in the terms of the 1974 penal code alleging aggravated robbery. Does it allege the offense of robbery by firearms for an offense committed prior to the adoption of the present code? If it does, the admonishment is sufficient.

The indictment, omitting the formal parts, alleges:

" . . . Shirley Ann Lewis alias Price alias Jones hereinafter referred to as the Defendant, heretofore on or about October 6, 1973, did then and there unlawfully while in the course of committing theft of a pistol, owned by James K. Capps, hereafter styled the Complainant, and with intent to obtain and maintain control of the property threaten and place the Complainant in fear of imminent bodily injury and death, by using and exhibiting a deadly weapon, namely, a pistol."

The elements of robbery by assault under Article 1408, V.A.P.C. (in effect at the time of the commission of the offense), are (1) fraudulent taking of property from a person or possession of another; (2) by assault, violence, or putting the victim in fear of bodily injury; (3) with intent to appropriate such property to defendant's own use; and (4) by exhibiting a deadly weapon.

The indictment in the instant case alleges (1) fear of bodily injury and death, and (2) exhibiting a deadly weapon. The indictment substitutes the word "theft" for the statutory language "fraudulent taking of property with intent to appropriate to his own use." In *McClane v. State,* 170 Tex. Cr.R. 603, 343 S.W.2d 447 (1960), this Court wrote:

" . . . It is the rule that where a word not in the statute is substituted in the indictment for one that is, the indictment is sufficient if the word substituted is equivalent to the word used in the statute. 1 Branch's Ann.P.C. 2d Ed. par. 515, page 496."

Article 1410, V.A.P.C. (1925 Code), defines theft as follows:

" 'Theft' is the fraudulent taking of corporeal personal property belonging to another from his possession, or from the possession of some person holding the same for him, without his consent, with intent to deprive the owner of the value of the same, and to appropriate it to the use or benefit of the person taking."

Thus, the general term "theft" embraces the specific allegation of "fraudulent taking of property with intent to appropriate." The use of a general term in an indictment is authorized by Article 21.12, V.A.C.C.P., which provides:

"When a statute defining any offense uses special or particular terms, indictment on it may use the general term, which, in common language, embraces the special term. . . ."

We, therefore, conclude that the indictment (though not a model) was sufficient to apprise appellant of the offense with which she was charged. *McKenzie v. State,* 450 S.W.2d 341 (Tex.Cr.App.1970), 408 U.S. 938, 92 S.Ct. 2868, 33 L.Ed.2d 758, on remand 488 S.W.2d 801; *American Plant Food Corporation v. State,* 508 S.W.2d 598 (Tex.Cr.App.1974); *Besson v. State,* 515 S.W.2d 112 (Tex.Cr.App.1974).

The trial court informed appellant of the punishment provided by Article 1408, V.A.P.C. The statute providing for the penalty for aggravated robbery was not in effect at the time the offense was committed. No error is shown.

Appellant next contends that the evidence is insufficient to support the conviction.

Her stipulated evidence, omitting the formal parts, is as follows:

"On the 6 day of October, 1973, in Harris County, Texas, I did make an assault upon James K. Capps and by such assault and by violence and by putting him in fear of life and bodily injury I did fraudulently and against his will take from his person and possession personal property consisting of a pistol with the intent to deprive him of the value of the same and to appropriate it to my own use and benefit."

Officer Capps testified that she raised a pistol and fired it at the time in question. The evidence is sufficient.

The judgment and sentence recite that appellant was convicted of aggravated robbery. The effective date of the new penal code was January 1, 1974. Thus, the judgment and sentence should state that the appellant was convicted of robbery by firearms. The judgment and sentence should be and are reformed to show that appellant was convicted for the offense of robbery by firearms.[1]

The conviction, with the judgment and sentence reformed, is affirmed.

---

1. *Jefferson v. State,* 519 S.W.2d 649 (Tex.Cr. App.1975).