**Charles Lamar HICKS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 57917.**

Court of Criminal Appeals of Texas, Panel No. 1.

Oct. 10, 1979.

Clement Aldridge, Jr., Houston, for appellant.

Robert Huttash, State's Atty., Austin, for the State.

Before ONION, P. J., and ROBERTS and CLINTON, JJ.

## OPINION

ROBERTS, Judge.

█ The appellant was indicted for robbery by firearms under the old Penal Code, but was convicted by a jury which was instructed on the law of aggravated robbery under the new Penal Code. For this error we must reverse the judgment of guilt (which assessed a punishment of 55 years' confinement).

The indictment, which was filed in 1976, alleged that the appellant,

"on or about October 31, 1973, did then and there unlawfully assault Mamie Irene Page hereafter styled the Complainant, and did by the assault, by violence, and by putting the Complainant in fear of life and bodily injury, and by then and there unlawfully using and exhibiting a firearm, to-wit: a pistol, fraudulently and against the Complainant's will take from the person and possession of the Complainant four rifles, one shotgun, one pistol and money owned by the Complainant with the intent to deprive the Complainant of the value of the property and to appropriate it to the Defendant's use."

This was an allegation of robbery by firearms, an offense defined by Article 1408 of the Penal Code of 1925. This statute was repealed on January 1, 1974, when the present Penal Code took effect. 1973 Texas General Laws, Chapter 399, Sections 3 & 4. Its provisions continued to govern criminal actions for offenses committed before that date. Id., Section 6(a).

On the day that his trial began, the appellant filed a handwritten "motion," by which he "elect[ed] to be tried and sentenced under the present law for the conduct charged in the indictment." This must be construed as the election authorized by 1973 Texas General Laws, Chapter 399, Section 6(c).

"In a criminal action pending on or commenced on or after the effective date of this Act, for an offense committed before the effective date, the defendant, if adjudged guilty, shall be assessed punishment under this Act if he so elects by written motion filed with the trial court before the sentencing hearing begins."

█ An election to have punishment assessed under the new Penal Code does not change the nature of the offense from robbery by firearms under the old code to aggravated robbery under the new code. *Jefferson v. State*, 519 S.W.2d 649 (Tex.Cr. App.1975). The application of the new Penal Code to an offense committed before its effective date would be in violation of 1973 Texas General Laws, Chapter 399, Section 6(a),[1] to say nothing of the constitutional prohibitions against retroactive application of penal laws.[2]

Nevertheless, and without objection from either party, the court charged the jury on the law of aggravated robbery in the new Penal Code. After setting out some abstract definitions of the law that are found in the new Penal Code, the charge authorized the jury to convict on any of the theories of aggravated robbery that are set out in Chapter 29 of that code:

"Now, if you find from the evidence beyond a reasonable doubt that on or about the 31st day of October, 1973, in Harris County, Texas, the defendant, Charles Lamar Hicks, did, without the effective consent of Mamie Irene Page, the owner, take and exercise control over the corporeal personal property of Mamie Irene Page, to wit, four rifles, one shotgun, one pistol and money, from the possession of Mamie Irene Page, with intent then and there to deprive Mamie Irene Page of said four rifles, one shotgun, one pistol and money, and that said defendant, in so doing, and with intent to acquire and maintain control of said four

---

1. "(a) Except as provided in Subsections (b) and (c) of this section, this Act applies only to offenses committed on or after its effective date, and a criminal action for an offense committed before this Act's effective date is governed by the law existing before the effective

date, which law is continued in effect for this purpose, as if this Act were not in force. * * "

2. U.S.Const. Art. I, Sec. 10; Tex.Const. Art. I, Sec. 16.

rifles, one shotgun, one pistol and money, intentionally, knowingly, or recklessly caused bodily injury to said owner or intentionally or knowingly threatened or placed said owner in fear of imminent bodily injury or death, and if you further find from the evidence beyond a reasonable doubt that in so doing the foregoing acts, if you do so find, the defendant caused serious bodily injury to Mamie Irene Page or defendant used or exhibited a deadly weapon, to wit, a pistol, then you will find the defendant guilty of aggravated robbery as charged in the indictment."

In so doing, the charge authorized the jury to convict on theories not alleged in the indictment. This is fundamental error.[3] *Cumbie v. State*, 578 S.W.2d 732 (Tex.Cr. App.1979).

The judgment is reversed and the cause is remanded.

---

**3.** The appellant does not complain directly of this error; his ground of error is that the recitations in the verdict, judgment, and sentence that the appellant is guilty of "aggravated rob-bery" do not comport with the indictment. This allegation pales in comparison to the fundamental error which we have discussed above.