**Ex parte Raymond Eugene SPICER.**

No. 68438.

Court of Criminal Appeals of Texas, En Banc.

Oct. 14, 1981.

Robert Huttash, State's Atty., Austin, for the State.

OPINION

TOM G. DAVIS, Judge.

This is a post-conviction application for writ of habeas corpus filed pursuant to Art. 11.07, V.A.C.C.P. On March 14, 1974, applicant was convicted of the former felony offense of unlawfully breaking and entering a coin-operated machine. Art. 1402a(1), V.A.P.C. (1925). The offense was committed on December 16, 1973. Punishment was assessed at 4 years, probated. On November 14, 1974, applicant's probation was revoked.

Applicant is currently incarcerated as a result of his conviction for burglary of a building in Cause No. 296700 in the 232nd Judicial District Court of Harris County. Punishment in that cause was not enhanced and was assessed at 20 years. Although applicant is not incarcerated as a result of the prior conviction which he now challenges, he alleges that the prior conviction has had serious collateral consequences. We find that the claim applicant now seeks to present is not moot. See *Ex Parte Morse*, 591 S.W.2d 904 (Tex.Cr.App.).

Applicant now contends that his conviction for unlawfully breaking and entering a coin-operated machine is invalid because he was denied the effective assistance of counsel at trial. Specifically, he maintains that his attorney should have filed a motion to have the classification of the offense reduced from a felony to a misdemeanor.

Applicant directs our attention to the Saving Provisions of the new Penal Code which provide in part:

"(a) Except as provided in Subsections (b) and (c) of this section, this Act applies only to offenses committed on or after its effective date, and a criminal action for an offense committed before this Act's effective date is governed by the law existing before the effective date, which law is continued in effect for this purpose, as if this Act

were not in force. For purposes of this section, an offense is committed on or after the effective date of this Act if any element of the offense occurs on or after the effective date.

" . . .

"(c) In a criminal action pending on or commenced on or after the effective date of this Act, for an offense committed before the effective date, the defendant, if adjudged guilty, shall be assessed punishment under this Act if he so elects by written motion filed with the trial court before the sentencing hearing begins."

As noted above, the offense occurred on December 13, 1973. Applicant was indicted for the offense on January 14, 1974, and convicted on March 14, 1974. The new Penal Code became effective on January 1, 1974. Under the new Penal Code, burglary of a coin-operated machine is a Class A misdemeanor. V.T.C.A. Penal Code, Sec. 30.03(c).

In *Wright v. State*, 527 S.W.2d 859 (Tex. Civ.App.), the Court stated as follows with regard to the punishment election provided by Sec. 6(c), supra.

"It appears clear that under the 'Saving Provisions' of the new Penal Code a defendant convicted of a former Penal Code offense in a trial commencing after January 1, 1974, will be *punished under the* new Penal Code if the defendant so elects in writing as provided by Section 6(c) of the 'Saving Provisions.' Since *a defendant,* under the circumstances discussed, *remains convicted of the old Penal Code offense despite his election to be punished under the new Penal Code, Jefferson v. State,* 519 S.W.2d 649, it is obvious the Legislature merely intended to allow him to substitute, at his option, the new Penal Code penalty provisions for the same offense or 'conduct' regardless of any variance in the elements between the offense in the old Penal Code and its equivalent counterpart in the new Penal Code with-

out the necessity of additional proof to show that the defendant, having been found guilty of an old Code offense, is also guilty of the new Code offense or 'conduct' which may require in and of itself proof of additional elements. As we view it, *the Legislature merely intended to give to the defendant upon conviction for an old Code offense a chance to opt for the range of penalties in the new Penal Code,* which in many cases included a lower range of penalties." Id. at 864 and 865 (Emphasis added).

See *Komurke v. State*, 562 S.W.2d 230 (Tex. Cr.App.); *Bishoff v. State*, 531 S.W.2d 346 (Tex.Cr.App).

In *Jones v. State*, 502 S.W.2d 771 (Tex.Cr. App.), the defendant was convicted of possession of marihuana under former Art. 725b, Sec. 2(a), V.A.P.C. (1925). The evidence revealed that the amount of marihuana possessed was less than two ounces. Pursuant to Sec. 6.01(c) of the Saving Provisions in the Controlled Substances Act, Art. 4476–15, V.A.C.S., the defendant elected to have punishment assessed under Art. 4476–15, Sec. 4.05(b)(3), supra. The Court found that although the indictment alleged a felony offense, following the defendant's punishment election, the punishment to be assessed was that for a misdemeanor offense.

The thrust of applicant's contention is that the *offense* of breaking and entering a coin-operated machine would have been reduced from a felony to a misdemeanor had counsel filed a punishment election under Sec. 6(c), supra. No complaint is made with regard to the *punishment* which was assessed as a result of counsel's failure to file the election. The filing of such an election would not have affected the nature of the offense for which applicant was convicted. Even had such an election been filed, applicant would have still been convicted of the old Penal Code offense, a felony. *Wright v. State,* supra. The relief sought is denied.

It is so ordered.