

# The Attorney General of Texas

February 21, 1986

JIM MATTOX
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1001 Texas, Suite 700
Houston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Brad Wright
Chairman
Committee on Public Health
Texas House of Representatives
P. O. Box 2910
Austin, Texas    78769

Opinion No. JM-443

Re: Whether it is unconstitutional to impose the $3 court cost set out in article 8309-1, section 14(b), V.T.C.S., on persons convicted of certain traffic offenses that occurred before September 1, 1985

Dear Representative Wright:

You have asked about recent legislation that imposes a $3 court cost on a person who is convicted of certain traffic offenses. The money is to be paid into the Crime Victims Compensation Fund. V.T.C.S. art. 8309-1, §14. The prior version of article 8309-1 set a court cost of $12.50 for misdemeanors punishable by a fine of not more than $200. Acts 1983, 68th Leg., ch. 475, at 2764. But persons convicted of a traffic offense under article 6687b, V.T.C.S., or article 6701d, V.T.C.S., were exempted from payment of that court cost. Id. at 2765.

A 1985 amendment reduced the court cost attached to misdemeanors punishable by a fine of not more than $200 from $12.50 to $3, and it eliminated the exemption from the court costs for traffic offenses under articles 6687b and 6701d. The amending act took effect on September 1, 1985. Acts 1985, 69th Leg., ch. 135, at 732.

You ask whether the $3 court cost on traffic offenses under articles 6687b and 6701d can constitutionally be applied to offenses that occurred before September 1, 1985.

It is well settled that a law that inflicts a greater punishment than that annexed to a crime when committed is an ex post facto law. Ex parte Alegria, 464 S.W.2d 868, 872 (Tex. Crim. App. 1971). Court costs are part of punishment. Ex parte Carson, 159 S.W.2d 126, 129 (Tex. Crim. App. 1942). Therefore, upon conviction a criminal defendant can only be charged those court costs that were attached to the offense at the time it was committed. Thus, the $3 court cost cannot be charged in connection with an offense under article 6687b or article 6701d that occurred before September 1, 1985. See Hicks v. State, 587 S.W.2d 422, 423 (Tex. Crim. App. 1979) (application of new

Penal Code to offenses committed before its effective date would violate prohibition on ex post facto laws); Plachy v. State, 239 S.W. 979, 981 (Tex. Crim. App. 1922) (application of law that changes rule of evidence must be held inapplicable in trial for offense committed prior to effective date of change).

## S U M M A R Y

The $3 court cost provided for in article 8309-1, section 14(b), V.T.C.S., is inapplicable to offenses under article 6687b, V.T.C.S., and article 6701d, V.T.C.S., that were committed before September 1, 1985.

Very truly yours,

JIM MATTOX
Attorney General of Texas

JACK HIGHTOWER
First Assistant Attorney General

MARY KELLER
Executive Assistant Attorney General

ROBERT GRAY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Sarah Woelk
Assistant Attorney General