M. M. Moran v. The State.

No. 19804.   Delivered June 1, 1938.
On rehearing December 14, 1938.

The opinion states the case.

*Shelburne H. Glover,* of Jefferson, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is possession of whisky on premises where beer was sold under a permit; the punishment, a fine of $100.00.

Appellant was employed in the beer tavern of D. D. Sullivan. On the 30th of October, 1937, officers searched the tavern and found therein a pint of whisky, which appellant admitted belonged to him.

It is appellant's contention that the court committed error in instructing the jury that the minimum punishment was a fine of $100.00. Subdivision (c) of Section 3, Article 666, Vernon's Ann. Texas P. C., reads as follows: "It shall be unlawful for any person to whom a Wine and Beer Retailer's Permit or Beer Retailer's License has been issued or any officer, agent, servant, or employee thereof to have in his possession on the licensed premises, any distilled spirits or any liquor containing alcohol in excess of fourteen (14) per centum by volume."

Subdivision (d) of said section provides: "Any person who violates any portion of this Section shall be deemed guilty of a misdemeanor, and upon conviction shall be punished by fine of not less than One Hundred Dollars ($100) nor more than One Thousand Dollars ($1,000), or by imprisonment in the county jail for not more than one year. Any person who is twice convicted under the provisions of this Section shall for the second and all subsequent offenses be punished by fine of not less than One Hundred Dollars ($100) nor more than One Thousand Dollars ($1,000), and by confinement in the county jail for not less than thirty (30) days nor more than one year."

Obviously, the court correctly instructed the jury as to the minimum penalty.

Bill of exception No. 2 is concerned with appellant's objection to the introduction in evidence of the pint of whisky the officers discovered in the beer tavern. The objection was not well taken.

An examination of the remainder of appellant's bills of exception leads us to the conclusion that reversible error is not presented.

The judgment is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—In his motion for rehearing appellant calls to our attention a question the seriousness of which entirely escaped us on original consideration of the case.

It was charged by indictment against appellant that he was an employee and an agent of D. D. Sullivan, and that Sullivan was the holder of a beer retailer's permit, which authorized him to sell malt liquors for consumption on certain described premises in justice precinct No. 3 of Marion County, and that he was there engaged in the business of selling and offering for sale malt liquors for consumption on said premises and that appellant "did then and there unlawfully have in his possession on said premises liquor produced by the process of distillation, to-wit: one pint of Schenley's Red Label Whisky."

Subdivision (c) of Section 3, Article 1, of the "Texas Liquor Control Act," as amended by the 45th Legislature, p. 1053, Chap. 448 (carried forward in Vol. 1, Vernon's Texas P. C., Article 666-3, subdivision (c), reads as follows:

"It shall be unlawful for any person to whom a Wine and Beer Retailer's Permit or Beer Retailer's License has been issued, or any officer, agent, servant, or employee thereof to have in his possession on the licensed premises, any distilled spirits or any liquor containing alcohol in excess of fourteen (14) per centum by volume."

By subdivision (d) of said section it is provided that any person who violates any portion of *this section* shall upon conviction be punished by a fine of not less than $100.00 nor more than $1,000.00, or by imprisonment in the county jail for not more than one year.

This was the penalty authorized by the court in his charge to the jury, and the punishment assessed was a fine of $100.00. Appellant calls our attention to Section 15 of Article 2 of said "Texas Liquor Control Act" (Section 15, subdivision (a) of Article 667, Vol. 1, Vernon's Texas P. C.), which provides as follows:

"It shall be unlawful for any licensee to permit any beer to be consumed on the premises where sold unless he is the holder of a license authorizing the sale of beer for consumption on said premises, *and it shall be unlawful for any licensee or the agent, servant or employee of any licensee to possess on the premises covered by a license of such licensee any alcoholic*

*beverage that is not authorized by law to be sold for consumption on such premises."*

By Section 26 of Article 2 of said "Texas Liquor Control Act" (Article 667-26, Vol. 1, Vernon's Texas P. C.), it is provided that: "Any person who violates any provision of this Article shall be deemed guilty of a misdemeanor and upon conviction shall be punished by a fine of not less than Twenty-five ($25.00) Dollars nor more than Five Hundred ($500.00) Dollars or by imprisonment in the county jail for not more than one year, or by both such fine and imprisonment."

It is appellant's contention that the prosecution was under Section 15, Article 2, of the "Texas Liquor Control Act," and that the penalty permitted by the court was erroneous and that the jury should have been charged the penalty as last hereinabove set out. It occurs to us that the question is even more serious than seems to have been contemplated by appellant himself.

Article 3 of the Penal Code provides that: "In order that the sytem of penal law in force in this State may be complete within itself, and that no system of foreign laws, written or unwritten, may be appealed to, *it is declared that no person shall be punished for any act or. omission, unless the same is made a penal offense, and a penalty affixed thereto by the written law of this State."*

Article 6, Penal Code, provides that: "Whenever it appears that a provision of the penal law is so indefinitely framed or of such doubtful construction that it can not be understood, either from the language in which it is expressed, or from some other written law of the State, such penal law shall be regarded as wholly inoperative."

Appellant's employer had a license to sell malt liquor (beer) upon the premises covered by such license. Whisky was an alcoholic beverage not authorized by law to be sold for consumption on said premises, which fact apparently brings the case squarely under the offense denounced by Section 15 of Article 2 of the "Texas Liquor Control Act." However, when we look at Section 3, subdivision (c), of Article 1 of said Act, as first quoted herein, it will be seen that Sullivan had been issued a beer retailer's permit and that appellant, as Sullivan's employee, had in his possession on the licensed premises distilled spirits (whisky) which also brought the case squarely under subdivision (c) of Section 3, Article 1, of said "Texas

Liquor Control Act." The act charged against appellant was an offense under Section 15, Article 2, as well as under subdivision (c), Section 3, Article 1, but different penalties provided.

We confess our inability to discover how the trial court or this Court could know what penalty should have been charged. We are not dealing with repugnant statutes passed at different dates where the one last enacted might control. (See cases cited in Note 8, under Article 7, Vernon's Ann. Texas P. C., Vol. 1). We are confronted with repugnant provisions of the same law enacted at the same time and in the same bill.

The offense seems to be sufficiently defined, but by reason of the different penalties provided the statute is so indefinite as to be inoperative under the requirements of Articles 3 and 6, P. C., heretofore quoted. In Cooper v. State, 25 Texas Crim. App. 530, 8 S. W. 654, it was claimed that two articles of the Penal Code defined the same offense, but provided different penalties. Regarding the contention this Court said: "If the same acts constitute an offense, though found in different statutes or articles of the same code, and these acts are punished differently, we would be inclined to hold that Article 3 of the Code of Criminal Procedure would be infringed, and that neither could be enforced for want of certainty in the punishment."

The case was affirmed on the holding that the two articles under consideration did not define the same offense. In the opinion on rehearing, reported in 26 Texas Crim. App. 575, 10 S. W. 216, this Court again said:

"In the motion for rehearing it is again urged that Articles 163 and 320, Penal Code, define the same offense, and that they provide different punishments; and therefore that, the punishment being uncertain, no punishment should be inflicted. If these articles define the same offense this judgment should be reversed because the penalty must be certain."

We feel quite sure that the condition pointed out resulted from the many subjects dealt with in the "Texas Liquor Control Act," and the confusion incident to the closing hours of the legislative session at which said law was enacted. The attention of the Legislature is called to the situation in order that same may be corrected if such correction be deemed advisable.

The motion for rehearing is granted, the judgment of affirmance is set aside and the judgment of the trial court is now reversed and the prosecution ordered dismissed.