**William Henry WUSSOW, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 47889.

Court of Criminal Appeals of Texas.

April 3, 1974.

Rehearing Denied April 24, 1974.

LeRoy Peavy, Houston, for appellant.

Carol S. Vance, Dist. Atty., James Brough and Dennis Green, Asst. Dist. Attys., Houston, Jim D. Vollers, State's Atty. and Buddy Stevens, Asst. State's Atty., Austin, for the State.

OPINION

ODOM, Judge.

Upon a plea of not guilty to the court, appellant was convicted of unlawfully carrying a pistol; punishment was assessed at a $250 fine.

Appellant contends testimony and physical evidence were improperly admitted against him, having been illegally obtained while he was under arrest without benefit of Miranda [1] warnings, and that absent the improperly admitted evidence, the evidence is insufficient to support his conviction.

After parking his car near a cafe, appellant was approached by two police officers who had observed him driving with a defective headlight. The officers approached appellant, met him between the cars on the parking lot, and engaged him in a conversation regarding the defective headlight. It then began pouring down rain so one of the officers asked appellant to sit in the police car so they would be out of the rain while they issued a ticket for the defective headlight. At this time the other officer asked appellant if he had a pistol or weapon on him, to which he replied "yes" and lifted his shirt tail, showing the pistol in his belt. The pistol was then seized and appellant placed under arrest.

After appellant's motion that certain answers "be stricken from the record," the

1. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

trial court ruled "The answers to any questions answered after the officer stated that he was under arrest or any facts, the Court will absolutely disregard them." From this it is not clear whether the court was ruling that answers given in court would be disregarded, or any answers given by appellant at the scene would not be considered. Appellant should have secured a clearer statement of the court's ruling, since testimony stricken from the record cannot be considered by this Court in weighing the sufficiency of the evidence, and the existing statement of the trial court's ruling leaves it uncertain precisely what testimony was being stricken.

In this case, however, even if the ruling be read as having stricken all answers given by appellant after he was under arrest, the evidence is sufficient.

One officer testified that appellant was not free to leave the scene after he said that he had a pistol on him. The other testified "He is under arrest when ever we approach him or when we find out that he has violated the law *and we put him in our custody*." (Emphasis added.) The latter statement is in general language, and does not constitute evidence as to when this appellant was placed under arrest. The first, although stating when appellant was placed under arrest in relation to his statement that he had a pistol in his possession, does not state when the display and seizure of the pistol occurred in relation to the arrest. Although these three events did not occur with instantaneous simultaneity, they appear from the record to have occurred in immediate succession and simultaneously with appellant's arrest.

■ Appellant's contention that he was placed under arrest prior to his statement and display of the pistol, either when first approached by the officers [2] or when asked to step out of the rain into the police car,[3] is without support in the record. Although an officer is authorized to arrest a person for a traffic violation (Art. 6701d, Sec. 153, Vernon's Ann.Civ.St.), it does not follow that every discussion of a traffic violation results in an arrest or occurs only after an arrest. Cf. Taylor v. State, Tex.Cr.App., 421 S.W.2d 403, Opinion on Appellant's Motion for Rehearing, at 407. On the record before us it does not appear that appellant was under arrest prior to his statement and the display and seizure of the pistol. The only probative evidence in the record indicates appellant was arrested upon the display and seizure of the pistol. Accordingly, they were properly admitted into evidence and were not stricken from evidence by the trial court's ruling. Having been so admitted, the evidence was sufficient.

■ Appellant further contends it was not established that the pistol admitted was the pistol seized. The record is otherwise. Furthermore, this objection would go to the weight of the evidence and not its admissibility. Mullenix v. State, Tex.Cr. App., 499 S.W.2d 330; Anderson v. State, Tex.Cr.App., 504 S.W.2d 507 (1974).

The judgment is affirmed.

---

2. He was not stopped by the officers, but was approached after parking at a cafe, while walking across the parking lot.

3. One officer testified, "[I]t started to pour down and I asked the defendant to step to the patrol car and to get inside so we wouldn't get so wet."