Charles F. ALEJOS, Appellant,

v.

The STATE of Texas, Appellee.

No. 52789.

Court of Criminal Appeals of Texas.

April 27, 1977.

On Rehearing Sept. 14, 1977.

C. E. Cantrell, court appointed, San Antonio, for appellant.

Ted Butler, Dist. Atty., Allan Roy Manka, and H. Wayne Campbell, Asst. Dist. Attys., San Antonio, Jim D. Vollers, State's Atty., David S. McAngus, Asst. State's Atty., Austin, for the State.

Bill M. White, Dist. Atty., Allan Roy Manka, Davis A. Berchelmann, Jr., and Alan E. Battaglia, Asst. Dist. Attys., San Antonio, Jim D. Vollers, State's Atty., David S. McAngus, Asst. State's Atty., Austin, for the State, on Rehearing.

## OPINION

PHILLIPS, Judge.

This is an appeal from a conviction for the offense of evading arrest under V.T. C.A., Penal Code, Sec. 38.04 on a plea of not guilty to the court. Punishment was assessed at 15 days confinement in jail and a fine of $125.00, and appellant was placed on 12 months probation.

Officer Richard Garansuay of the San Antonio Police Department was the only witness to testify, and appellant does not challenge the sufficiency of the evidence. At 11:30 p. m. on May 8, 1975, Officer Garansuay observed a car coming in his direction on the wrong side of the road at a high rate of speed.[1] Garansuay swerved, turned his car around and started to chase the vehicle, while turning on the emergency lights and siren of his marked car. When the car driven by appellant did not slow down, Garansuay advised the dispatcher he was chasing a vehicle that wouldn't stop and a second officer joined the pursuit.

After approximately four blocks, appellant turned onto a quieter street which was not as well lighted as the major traffic artery he had been travelling. Next he pulled into a driveway, turned off his lights

---

1. Garansuay testified that the car was travelling approximately 65 miles an hour in a 30–35 mile an hour zone.

and he and his passengers "slouched" down in the car. Both Garansuay and the other officer followed the appellant's car to the house at which time he was issued a citation for speeding. Garansuay estimated that the entire chase lasted 45 seconds to one minute and covered a distance of five blocks.

In the two grounds of error which form the basis of this appeal appellant contends the trial court erred in denying his motion to quash the complaint on two alternative grounds. First because two statutes deal with the acts constituting the offense, but have different punishment provisions; and alternately, that the State prosecuted appellant under a general penal statute when a specific statute was applicable to the transaction. We agree with appellant's second contention.

Evading arrest is defined in V.T.C.A., Penal Code, Sec. 38.04, as follows:

"(a) A person commits an offense if he intentionally flees from a person he knows is a peace officer attempting to arrest him."

An offense under Sec. 38.04 is a class B misdemeanor punishable by (1) a fine not to exceed $1,000.00, (2) confinement in jail for a term not to exceed 180 days, or (3) both.

Art. 6701d, Sec. 186, V.A.C.S., sets forth the elements of "fleeing or attempting to elude a police officer" as follows:

"(a) Any driver of a motor vehicle who willfully fails or refuses to bring his vehicle to a stop, or who otherwise flees or attempts to elude a pursuing police vehicle, when given visual or audible signal to bring the vehicle to a stop, shall be guilty of a misdemeanor. The signal given by the police officer may be by hand, voice, emergency light or siren. The officer giving such signal shall be in uniform, prominently displaying his badge of office, and his vehicle shall be appropriately marked showing it to be an official police vehicle."

Following this Court's decision in *Stein v. State*, 515 S.W.2d 104, a violation of Art. 6701d, Sec. 186, is punishable through the general punishment provisions of Art. 6701d, Sec. 143, V.A.C.S., which provides:

"(b) Every person convicted of a misdemeanor for a violation of any of the provisions of this Act for which another penalty is not provided shall be punished by a fine of not less than One ($1.00) Dollar nor more than Two Hundred ($200.00) Dollars."

Appellant argues that Sec. 38.04 is a general statute and that the transaction involved in the instant appeal was controlled by the special statute, Art. 6701d, Sec. 186. It is undisputed that the entire transaction occurred while appellant was in the operation and control of a motor vehicle.

Sec. 38.04 requires that a person flee from a known police officer who is attempting to legally *arrest* that person. It does not specify a particular mode of fleeing; the emphasis is instead on flight from arrest. On the other hand, Art. 6701d, Sec. 186, does not require that the officer be attempting to arrest the person who flees in a motor vehicle. The operative facts under that statute are that the actor flees from a police officer in a *motor vehicle*. Clearly there are many types of flight which could be involved in Art. 6701d, Sec. 186, which fall far short of flight from arrest. Flight under Art. 6701d, Sec. 186, could involve a routine license check or mere discussion of a traffic violation, as contrasted with an attempted arrest under Sec. 38.04. This Court noted in *Wussow v. State*, 507 S.W.2d 792, at 793:

"Although an officer is authorized to arrest a person for a traffic violation (Art. 6701d, Sec. 153, Vernon's Ann.Civ.St.) it does not follow that every discussion of a traffic violation results in an arrest or occurs only after an arrest."

Having determined that Sec. 38.04 is a broad and general statute applicable to different factual situations, while Art. 6701d, Sec. 186 is more narrowly directed to attempted flight from an officer in a motor vehicle, we conclude appellant was improperly charged under Sec. 38.04. Art. 6701d, Sec. 186 and Sec. 38.04 are in pari materia and when construed together, they can be

harmonized and given effect with the special governing the general in event of any conflict. See *Hines v. State*, Tex.Cr.App., 515 S.W.2d 670; *Cuellar v. State*, Tex.Cr. App., 521 S.W.2d 277.

For the reasons above stated, we reverse the judgment of the trial court and the prosecution is ordered dismissed.

## OPINION ON STATE'S MOTION FOR REHEARING

ONION, Presiding Judge.

This appeal is from a conviction for evading arrest under V.T.C.A., Penal Code, § 38.04. In a bench trial following a not guilty plea, punishment was assessed at fifteen (15) days in the county jail and at a fine of $125.00. The court then placed the appellant on misdemeanor probation for twelve (12) months. See Article 42.13, Vernon's Ann.C.C.P.

On original submission we reversed the conviction holding that Article 6701d, § 186, Vernon's Ann.C.S. (fleeing or attempting to elude a police officer) and said § 38.04 of the new Penal Code were in pari materia and that the civil statute as a special statute controlled over the general statute (said § 38.04) since the penalties varied.

On rehearing the State urges reconsideration of the question. We shall do so.

The record reflects that Officer Richard Garansuay of the San Antonio Police was the only witness to testify, and the sufficiency of the evidence is not challenged by the appellant. About 11:30 p. m. on May 8, 1975, while in uniform, Garansuay was on patrol northbound on South Flores Street when he heard screeching tires and then observed a motor vehicle at a high rate of speed on the wrong side of the road. The vehicle was southbound but driving in the northbound lane. Garansuay swerved his clearly marked police vehicle to avoid a collision and turned to follow the other vehicle. The officer turned on the emergency lights on top of his police vehicle as

well as his siren. The other vehicle continued at a high rate of speed and would not stop. Garansuay then advised the police dispatcher he was chasing a vehicle that would not stop. Another police unit joined the pursuit. Soon the other vehicle turned on Big Foot Street, a dark side street, and when Garansuay turned onto Big Foot he did not see the other vehicle on the street but observed it in a driveway without lights and without the motor running. The individuals in the car were trying to conceal themselves by "ducking down." The appellant was discovered to be the driver of the fleeing vehicle. It was determined that the residents of the address where appellant had parked did not know him or any of the passengers in appellant's vehicle.

Appellant was charged with evading arrest and speeding, etc.

V.T.C.A., Penal Code, § 38.04 (Evading Arrest), provides:

"(a) A person commits an offense if he intentionally flees from a person he knows is a peace officer attempting to arrest him.

"(b) It is an exception to the application of this section that the attempted arrest is unlawful.

"(c) An offense under this section is a Class B misdemeanor."[1]

The Practice Commentary to said § 38.04 reads:

"This section is new to Texas law. It provides a misdemeanor sanction for evading arrest by flight. Section 38.03 (resisting arrest) does not apply to flight if no force is used against the peace officer, and Section 38.07 (escape) does not apply to a flight prior to arrest. If flight from arrest can be deterred by the threat of an additional penalty, there should be fewer instances in which peace officers resort to force to effect an arrest.

"The exception in Subsection (b) provides that flight from an unlawful arrest is not an offense. This approach differs

---

1. A Class B misdemeanor is punishable by (1) confinement in jail for a term not to exceed 180 days, (2) a fine not to exceed $1,000.00, or (3) both such fine and imprisonment. See V.T. C.A., Penal Code, § 12.22.

from Sections 38.03 (resisting arrest) and 38.09 (effect of unlawful custody) under which the unlawfulness of an arrest or custody is no defense to the offenses of resisting arrest or escape. The effect of the exception is that the state must allege and prove the attempted arrest lawful."

See V.T.C.A., Penal Code, § 2.02.

The Explanatory Comment of Branch's Texas Annotated Penal Code, 3rd Ed., Vol. 3, § 38.04, p. 116, has a similar explanation. It reads:

"The provisions of Section 38.04 are new to Texas law. It applies solely to non-forceful evasion and has no application if an arrest had actually been effected. If force is used to avoid an arrest, then Section 38.03 applies, and if the escape occurs *after* an arrest, Section 38.07 is applicable. The intent of this section is to deter flight from arrest by the threat of an additional penalty and to further discourage forceful conflicts between police and suspects.

"Subsection (b) provides that it is an exception if the attempted arrest·is unlawful. The prosecution must, therefore, plead and prove that the attempted arrest was lawful. (See Sec. 2.02) This differs from resisting arrest (Sec. 38.03), escape (Sec. 38.07), and facilitating escape (Sec. 38.08), where the lawfulness of the arrest or custody has no bearing on the guilt or innocence of the accused."

■ It is clear from all of the above that the elements of the offense under said § 38.04 are that:

(1) a person
(2) intentionally flees
(3) from a peace officer
(4) with knowledge he is a peace officer
(5) peace officer is attempting to arrest defendant
(6) the attempted arrest is lawful.

Article 6701d, supra, is entitled "Uniform Act Regulating Traffic on Highways" (see § 154). It is a complex statute with many sections having as its overall object the safety and orderly regulation of traffic upon Texas highways.

§ 186 of said statute provides:

"(a) Any driver of a motor vehicle who willfully fails or refuses to bring his vehicle to a stop, or who otherwise flees or attempts to elude a pursuing police vehicle, when given visual or audible signal to bring the vehicle to a stop, shall be guilty of a misdemeanor. The signal given by the police officer may be by hand, voice, emergency light or siren. The officer giving such signal shall be in uniform, prominently displaying his badge of office, and his vehicle shall be appropriately marked showing it to be an official police vehicle.

"(b) Every person convicted of fleeing or attempting to elude a police officer shall be punished by imprisonment for not less than thirty (30) days nor more than six (6) months or by a fine of not less than One Hundred Dollars ($100) nor more than Five Hundred Dollars ($500), or by both such fine and imprisonment."

§ 186 was added to Article 6701d, supra, by Acts 1971, 62nd Leg., p. 771, ch. 83, § 95, and became effective August 30, 1971.

In *Stein v. State*, 515 S.W.2d 104 (Tex.Cr. App.1974), it was held that the penalty portion (subsection b) of § 186 was unconstitutional in that the 1971 amendment which added the penalty provision did not include reference to the penalty provision in the caption of the legislative rule. See Article III, § 35, Texas Constitution *Stein* thus held that the penalty for violation of § 186 fell under the general penalty provision of Article 6701d, supra, found in § 143, which provides:

"(a) It is a misdemeanor for any person to violate any of the provisions of this Act unless such violation is by this Act or other law of this State declared to be a felony.

"(b) Every person convicted of a misdemeanor for a violation of any of the provisions of this Act for which another penalty is not provided shall

be punished by a fine of not less than One ($1.00) Dollar nor more than Two Hundred ($200.00) Dollars."

See also § 22 of Article 6701d, supra.

■ In accord with *Stein* are *Harvey v. State*, 515 S.W.2d 108 (Tex.Cr.App.1974), and *Besson v. State*, 515 S.W.2d 112 (Tex. Cr.App.1974).

The elements of said § 186 are:
(1) a person
(2) who is a driver of a motor vehicle
(3) and who willfully fails or refuses to bring his vehicle to a stop or who otherwise flees or attempts to elude a pursuing police vehicle
(4) when given a visual or audible signal (hand, voice, emergency light or siren)
(5) by uniformed officer displaying badge
(6) in an appropriately marked police vehicle.

It is clear from the above that the two acts involved are contained in different legislative acts, have different elements of proof, different penalties and obviously designed to serve different purposes and objectives.

■ § 38.04 of the Penal Code is new to Texas law (effective January 1, 1974) and was obviously designed to apply where there has been a non-forceful evasion of arrest under the circumstances to which neither § 38.03 (resisting arrest) nor § 38.07 (escape) is applicable. It meshes well with other offenses set forth in the same chapter of the Penal Code. The section's intent is to deter flight from arrest by the threat of an additional penalty, thus discouraging forceful conflicts between the police and suspects.

§ 38.04 is general in nature in that it applies to all types of non-forceful evasion of arrest. Neither the accused nor the peace officer is required to be in a motor vehicle, airplane, bicycle or ox-cart. The fleeing may take place on foot. The officer is not required to be in uniform so long as it is proven that the accused in fleeing has knowledge that he is a police officer. A significant feature of the offense is the State must prove the officer was attempting to arrest the accused and that such attempted arrest is legal.

■ These matters contrast sharply with elements of the offense provided by § 186 of Article 6701d, supra, as noted above. § 186 is one of many statutes dealing with traffic regulations. It does not necessarily contemplate an arrest being consummated or an arrest being the reason for the initial attempt to stop the vehicle. An officer may stop a driver to determine if he has a driver's license (Article 6687b, § 13, Vernon's Ann.C.S.), to issue a warning ticket, to advise of road hazards, weather conditions or countless other reasons that have no relation to an arrest.

Article 5429b–2, § 3.06, Vernon's Ann. C.S. (Code Construction Act), also provides that:

"If a general provision conflicts with a special or local provision, they shall be construed, if possible, so that effect is given to both. If the conflict between the provisions is irreconcilable, the special or local provision prevails as an exception to the general provision, unless the general provision is the later enactment and the manifest intent is that the general provision prevail."

Further, V.T.C.A., Penal Code, § 1.05(b), provides:

"Unless a different construction is required by the context, Sections 2.01, 2.02, 2.04, 2.05 and *3.01 through 3.12* of the Code Construction Act (Article 5429b–2, Vernon's Texas Civil Statutes) apply to the construction of this code." (Emphasis supplied.) See and cf. *Ex parte Harrell*, 542 S.W.2d 169 (Tex.Cr.App.1976).

■ Normally when statutes are in pari materia effort is made to harmonize and give effect with the special governing the general in the event of any conflict. *Hines v. State*, 515 S.W.2d 670 (Tex.Cr.App.1974); *Cuellar v. State*, 521 S.W.2d 277 (Tex.Cr. App.1975); *Ex parte Harrell*, supra; *Jones v. State*, 552 S.W.2d 836 (Tex.Cr.App.1977).

The rule is explained in 53 Tex.Jur.2d, Statutes, § 186, p. 280, where it is written:

"It is a settled rule of statutory interpretation that statutes that deal with the same general subject, have the same general purpose, or relate to the same person or thing or class of persons or things, are considered as being in pari materia though they contain no reference to one another, and though they were passed at different times or at different sessions of the legislature.

"In order to arrive at a proper construction of a statute, and determine the exact legislative intent, all acts and parts of acts in pari materia will, therefore, be taken, read, and construed together, each enactment in reference to the other, as though they were parts of one and the same law. Any conflict between their provisions will be harmonized, if possible, and effect will be given to all the provisions of each act if they can be made to stand together and have concurrent efficacy.

"The purpose of the in pari materia rule of construction is to carry out the full legislative intent, by giving effect to all laws and provisions bearing on the same subject. The rule proceeds on the same supposition that several statutes relating to one subject are governed by one spirit and policy, and are intended to be consistent and harmonious in their several parts and provisions. Thus, it applies where one statute deals with a subject in comprehensive terms and another deals with a portion of the same subject in a more definite way. But where a general statute and a more detailed enactment are in conflict, the latter will prevail, regardless of whether it was passed prior or subsequently to the general statute, unless it appears that the legislature intended to make the general act controlling. *And, the rule is not applicable to enactments that cover different situations and that were apparently not intended to be considered together.*" (Emphasis supplied.)

It has also been written that:

"Statutes are considered to be in pari materia—when they relate to the same person or thing, or to the same class of persons or things, or have the same purposes or object. As between characterization of the subject matter with which a statute deals and characterization of its object or purpose, the latter appears to be the more important factor in determining whether different statutes are closely enough related to justify interpreting one in the light of the other. *For example, it has been held that where the same subject is treated in several acts having different objects the rule of in pari materia does not apply. The adventitious occurrence of like or similar phrases, or even of similar subject matter, in laws enacted for wholly different ends will not justify applying the rule.*" C. Dallas Sands, Sutherland Statutory Construction, Vol. 2A, § 51.03, p. 298, and Supplement, p. 28 (1973) (Emphasis supplied.)

It is stated in 82 C.J.S. Statutes § 366a., that:

"Statutes which relate to the same person or thing, or to the same class of persons or things, or which have a common purpose are in pari materia. On the other hand, statutes are not in pari materia which do not relate to the same subject and which have no common purpose and scope; and, although an act may incidentally refer to the same subject as another act, it is not in pari materia if its scope and aim are distinct and unconnected. . . . "

Further, in 73 Am.Jur.2d, Statutes, § 189, it is said that:

" . . . Statutes which are parts of the same general scheme or plan, or are aimed at the accomplishment of the same results and the suppression of the same evil, are also considered as in pari materia. On the other hand, statutes which have no common aim or purpose, and which do not relate to the same subject, thing, or person, are not in pari materia. . . . "

■ From what has been said about both statutes above, we conclude while the same subject is treated they are in different acts having different objects, intended to cover

different situations and were apparently not intended to be considered together. The statutes thus are not in pari materia.

Arguably under the facts of the instant case, the State could have prosecuted and successfully proved the elements of either § 186 of Article 6701d, supra, or § 38.04 of the Penal Code. Appellant in a motor vehicle refused to obey the signal of a uniformed police officer in a marked police vehicle to stop his car. That was a violation of said § 186 without regard to whether the officer was attempting to make an arrest. However, in doing so, appellant also fled from an officer who had probable cause to arrest. This was a violation of said § 38.04 without regard to whether appellant was driving a vehicle when doing so or whether the officer was in uniform, etc. A similar situation could arise where the State prosecutes for burglary and the defendant urges that the prosecution should be for criminal trespass.

It is well settled that "the prosecuting attorney may carve as large an offense out of a single transaction as he can, but he must cut only once . . . ." *Ex parte Jewel,* 535 S.W.2d 362 (Tex.Cr.App.1976); *Fleming v. State,* 168 Tex.Cr.R. 595, 330 S.W.2d 457 (1959); 1 Branch's Ann.P.C., 2d ed., § 654, p. 625.

We conclude the State properly exercised its option as to which offense it sought to prosecute. This disposes of appellant's contention upon which the reversal was predicated on original submission.

Appellant also urged on original submission that the acts involved constituting an offense are found in different statutes and are punished differently and therefore neither can be enforced for want of certainty of punishment. He cites *Cooper v. State,* 25 Tex.App. 530, 8 S.W. 654 (Court of Appeals 1888), and *Moran v. State,* 135 Tex. Cr.R. 645, 122 S.W.2d 318 (Tex.Cr.App. 1938). We conclude that our earlier discussion of the two statutes involved clearly distinguishes the instant case from *Cooper* and *Moran* and disposes of appellant's contention.

The State's motion for rehearing is granted, the judgment of reversal is set aside, and the judgment is affirmed.

ROBERTS and PHILLIPS, JJ., dissent.