MARY'S OPINION HEADING 



 NO. 12-01-00081-CR



IN THE COURT OF APPEALS
 


TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS


RICHARD JUSTIN KIRBY,
§
 APPEAL FROM THE 

APPELLANT


V.
§
 COUNTY COURT AT LAW #3


THE STATE OF TEXAS,

APPELLEE
§
 SMITH COUNTY, TEXAS

 

 Richard Justin Kirby ("Appellant") appeals his conviction for violation of the provisions of
section 550.024 of the Texas Transportation Code, Duty on Striking an Unattended Vehicle. 
Appellant raises three issues on appeal. We affirm.


Background


 On April 14, 2000, a welding truck owned by Kevin Crouch ("Kevin") was parked in front
of the residence of Bobby Nick, Jr. ("Bobby"), on Montgomery Gardens Road in Smith County. 
Around 9:00 p.m., Susan Nick ("Susan"), Bobby's mother, heard a crash and went outside to
investigate. Kassandra Crouch ("Kassandra"), Kevin and Bobby also came out of the house to see
what had happened. The group discovered that a pickup had collided with the welding truck. 
Kassandra and Kevin both saw an individual walking away from the scene, and both later identified
Appellant as that individual. Later in the evening, Appellant returned to the scene of the crash with
four of his friends and attempted to start the wrecked pickup. Appellant and his friends then
removed a number of items from the pickup before leaving again.

 At 10:32 that same evening, Department of Public Safety Trooper Joe Hogue ("Hogue")
arrived at the site of the wreck. Bystanders told Hogue that the driver of the pickup had left the
scene. Hogue testified that he began investigating the crash scene and determined that the pickup
had run off the road and struck the parked welding truck in front of Bobby's home. When Appellant
came back to the scene of the accident a second time, some of the bystanders identified him to Hogue
as the individual who had been driving the vehicle. Hogue asked Appellant if he was involved in
the collision, and Appellant told Hogue that he had been driving the pickup when it struck the parked
welding truck. Hogue asked Appellant for his driver's license and insurance information which
Appellant provided. Appellant was charged with violating his legal duty under section 550.024 of
the Transportation Code which states:



 The operator of a vehicle that collides with and damages an unattended vehicle shall
immediately stop and:



 (1) locate the operator or owner of the unattended vehicle and give that person the name and
address of the operator and the owner of the vehicle that struck the unattended vehicle; or 



 leave in a conspicuous place in, or securely attach in a plainly visible way to, the unattended
vehicle a written notice giving the name and address of the operator and the owner of the
vehicle that struck the unattended vehicle and a statement of the circumstances of the
collision.




 a person commits an offense if the person violates Subsection (a). An offense under this
section is:




 a Class C misdemeanor, if the damage to all vehicles involved is less than $200; or

 a Class B misdemeanor, if the damage to all vehicles involved is $200 or more.




Tex. Transp. Code Ann. § 550.024 (Vernon 1999). 

 Following a trial to the bench, Appellant was found guilty. The court sentenced Appellant
to 180 days of confinement in the Smith County Jail, probated for a period of two years, and a fine
of $2,000.00, with $1,500.00 of the fine probated. Appellant timely filed this appeal.


Sufficiency of the Evidence


Legal Sufficiency

 In his first issue, Appellant contends the evidence is legally insufficient to support the trial
court's determination that he violated section 550.024 of the Transportation Code. Legal sufficiency
is the constitutional minimum required by the Due Process Clause of the Fourteenth Amendment to
sustain a criminal conviction. See Jackson v. Virginia, 443 U.S. 307, 315-16, 99 S. Ct. 2781, 2787,
61 L. Ed. 2d 560 (1979); Escobedo v. State, 6 S.W.3d 1, 6 (Tex. App.-San Antonio 1999, no pet.). 
The standard for reviewing a legal sufficiency challenge is whether any rational trier of fact could
have found the essential elements of the offense beyond a reasonable doubt. See Jackson, 443 U.S.
at 319, 99 S. Ct. at 2789; Johnson v. State, 871 S.W.2d 183, 186 (Tex. Crim. App. 1993). The
evidence is examined in the light most favorable to the jury's verdict. See Jackson, 443 U.S. at 319,
99 S. Ct. at 2789; Johnson, 871 S.W.2d at 186. A successful legal sufficiency challenge will result
in rendition of an acquittal by the reviewing court. See Tibbs v. Florida, 457 U.S. 31, 40-41, 102
S. Ct. 2211, 2217, 72 L. Ed. 2d 652 (1982).

 Kassandra testified that she saw Appellant leaving the crash scene and that her brother,
Bobby, attempted to catch up with him. Bobby testified that he was unable to catch up with
Appellant before Appellant disappeared. Kevin testified that he saw Appellant's face as he was
leaving the crash scene and that he recognized his face when he returned to the scene later. There
is evidence that Appellant identified himself and provided Hogue the information required under
section 550.024 more than one and one-half hours after he crashed his pickup into the unattended
welding truck. However, there is no evidence in the record that Appellant immediately provided the
required information at the time of the wreck to anyone at the Nick residence.

 Appellant contends that he did not violate section 550.024 because the welding truck was not
an "unattended" vehicle. The word "attend" means "to be present at." The American Heritage
College Dictionary 88 (3d ed. 2000). Susan, Bobby, Kevin and Kassandra all testified that they
were inside Bobby's home when they heard the crash. They testified that they went out into the front
yard of Bobby's house and observed that Appellant's pickup had crashed into the back of Kevin's
parked welding truck. They further testified that none of them had seen the crash and no one was
present either in or beside the welding truck when it was struck. Appellant failed to produce any
evidence to the contrary. With no one being present to see the wreck, we conclude that the vehicle
was unattended as that term is used in section 550.024. Therefore, based upon our review of the
record, we hold the evidence is legally sufficient to support Appellant's conviction. Appellant's first
issue is overruled.


Factual Sufficiency

 In his second issue, Appellant contends that the evidence before the court is factually
insufficient to support its guilty verdict. We consider a factual sufficiency challenge after the
evidence has been determined to be legally sufficient under the Jackson standard. See Clewis v.
State, 922 S.W.2d 126, 134 (Tex. Crim. App. 1996). When reviewing the factual sufficiency of the
evidence, we must ask whether a neutral review of all the evidence, both for and against the finding,
demonstrates that the proof of guilt is so obviously weak as to undermine confidence in the
factfinder's determination, or the proof of guilt, although adequate if taken alone, is greatly
outweighed by contrary proof. Johnson v. State, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000). We
review the evidence weighed by the factfinder which tends to prove the existence of the fact in
dispute, and compare it to the evidence which tends to disprove that fact. See Santellan v. State, 939
S.W.2d 155, 164 (Tex. Crim. App. 1997). We may disagree with the factfinder's determination,
even if probative evidence exists which supports the verdict. See Clewis, 922 S.W.2d at 133. 
However, our evaluation should not substantially intrude upon the factfinder's role as the sole judge
of the weight and credibility of witness testimony. See Santellan, 939 S.W.2d at 164. Where there
is conflicting evidence, the factfinder's verdict on such matters is generally regarded as conclusive. 
See VanZandt v. State, 932 S.W.2d 88, 96 (Tex. App.-El Paso 1996, pet. ref'd). We will reverse
only when the verdict is against the great weight of the evidence presented at trial so as to be clearly
wrong and unjust. See Clewis, 922 S.W.2d at 134.

 Appellant avers that Kevin and the others in the Nicks' house were "attending" the welding
truck. The record shows that Kevin and the others were inside an enclosed dwelling, and the
unoccupied welding truck was parked outside. The record further shows that while a crashing sound
was heard by the people in the Nicks' home, none of them saw the wreck occur. Our review of the
record reveals neither that the evidence is so weak as to undermine confidence in the trial court's
determination, nor that the proof of guilt is greatly outweighed by contrary proof. We cannot say that
the verdict is clearly wrong and unjust. Therefore, we hold that the evidence is factually sufficient
to support the trial court's guilty verdict. Appellant's second issue is overruled.



Doctrine of Pari Materia


 In his third issue, Appellant contends that the trial court erred in denying his Motion for
Judgment of Acquittal based upon the doctrine of pari materia. 

 Statutes which relate to the same person or thing, or to the same class of persons or things,
or which have a common purpose are in pari materia. Alejos v. State, 555 S.W.2d 444, 450 (Tex.
Crim. App. 1977) (op. on reh'g.). Two statutes that are in pari materia are to be construed together,
each enactment in reference to the other, as though they were part of one and the same law. Burke
v. State, 28 S.W.2d 545, 546 (Tex. Crim. App. 2000). Under the rule of in pari materia, effort is
made to harmonize and give effect to both statutes with the special governing the general in the event
of any conflict. See Alejos, 555 S.W.2d at 449. 

 Appellant contends that the aforementioned section 550.024 is in pari materia with section
550.026 which states:



 The operator of a vehicle involved in an accident resulting in injury to or death of a person
or damage to a vehicle to the extent that it cannot be normally and safely driven shall
immediately by the quickest means of communication give notice of the accident to the:



 (1) local police department if the accident occurred in a municipality;


 (2) local police department or the sheriff's office if the accident occurred not more than 100
feet outside the limits of a municipality; or


 (3) sheriff's office or the nearest office of the department if the accident is not required to
be reported under Subdivision (1) or (2).



 If a section of road is within 100 feet of the limits of more than one municipality, the
municipalities may agree regarding the maintenance of reports made under Subsection (a)(2). 
A county may agree with municipalities in the county regarding the maintenance of reports
made under Subsection (a)(2). An agreement under this subsection does not affect the duty
to report an accident under Subsection (a).




Tex. Transp. Code Ann. § 550.026 (Vernon 1999). Appellant argues that section 550.026
specifically applies to the facts of the instant case and therefore should control over section 550.024
under the rule of in pari materia. 

 Before the rule of in pari materia is applied, a threshold determination must be made whether
the two statutes in question are indeed in pari materia. Cheney v. State, 755 S.W. 2d 123, 127 (Tex.
Crim. App. 1988). The State contends that sections 550.024 and 550.026 are not in pari materia. 
"[S]tatutes are not in pari materia which do not relate to the same subject and which have no
common purpose and scope; and, although an act may incidentally refer to the same subject as
another act, it is not in pari materia if its scope and aim are distinct and unconnected. . . ." Alejos,
555 S.W.2d at 450. The State contends that the purpose of section 550.024 is to make the
owner/operator of an unattended vehicle aware of an accident and to give the owner/operator of the
unattended vehicle the necessary information to contact the person or persons responsible for any
damage to the vehicle. The State avers that the purpose of section 550.026, on the other hand, is 
to provide notice to law enforcement authorities (1) if the occupants of a vehicle involved in a wreck
require emergency medical treatment and/or (2) if the damage to a vehicle involved in a wreck is so
severe that it cannot be driven away from the scene and there is a need to remove the vehicle for
public safety purposes. We agree. When two statutes have different purposes and a clear and
marked difference exists between the two statutes, they are not in pari materia. See Cheney, 755
S.W. 2d at 127. We hold that sections 550.024 and 550.026 of the Texas Transportation Code are
not in pari materia, and therefore the rule of in pari materia should not have applied in the instant
case. Because the trial court did not err by denying Appellant's motion for judgment of acquittal
based on the rule of in pari materia, Appellant's third issue is overruled.

 The judgment of the trial court is affirmed.


 JIM WORTHEN 

 Justice

Opinion delivered May 31, 2002.

Panel consisted of Worthen, J., and Griffith, J.











(DO NOT PUBLISH)