ATTORNEY GENERAL OF TEXAS

GREG ABBOTT

November 12, 2003

The Honorable José R. Rodríguez
El Paso County Attorney
500 East San Antonio, Room 503
El Paso, Texas 79901

Opinion No. GA-0119

Re: Whether a school district that does not participate in the state uniform group coverage program is required to provide health coverage to persons who have retired under the Teacher Retirement System and are eligible for coverage under the Texas Public School Retired Employees Group Insurance Program, but who have returned to work for the district (RQ-0062-GA)

Dear Mr. Rodríguez:

On behalf of the Ysleta Independent School District, you ask whether and to what extent section 22.004 of the Texas Education Code requires a school district that does not participate in the Texas School Employees Uniform Group Health Coverage Program ("TRS-ActiveCare") to provide health coverage to retired persons eligible for coverage under the Texas Public School Retired Employees Group Insurance Program ("TRS-Care") who have, as you put it, "returned to work under so-called 'retire/rehire' provisions."[1]

Section 22.004(b) of the Education Code, originally adopted in 1991, provides, in relevant part

> A district that does not participate in [TRS-ActiveCare] shall make available to its employees group health coverage . . . [that is] comparable to the . . . Texas Employees Uniform Group Insurance Benefits Act . . . . The board of trustees of the Teacher Retirement System of Texas shall adopt rules to determine whether a school district's group health coverage is comparable to the basic health coverage specified by this subsection.

TEX. EDUC. CODE ANN. § 22.004(b) (Vernon Supp. 2004). Section 22.004(c) provides that the cost of such coverage "shall be shared by the employees and the district" using state contributions as well. *Id.* § 22.004(c). Thus, a district that has elected not to participate in TRS-ActiveCare is required to provide comparable basic health coverage to its employees. Your question is whether employees

---

[1]Letter from Honorable José R. Rodríguez, El Paso County Attorney, to Honorable Greg Abbott, Attorney General of Texas, at 1 (June 5, 2003) (on file with Opinion Committee) [hereinafter Request Letter].

for this purpose must be construed to include retirees who are working for a district under a retire/rehire plan, and who are eligible for coverage under the TRS-Care plan for retired employees. *See* Request Letter, *supra* note 1, at 1.

TRS-ActiveCare, established pursuant to what is now chapter 1579 of the Insurance Code, is a group health insurance program in which, by statute, all school districts with 500 or fewer employees are required to participate. *See* TEX. INS. CODE ANN. § 1579.151 (Vernon Supp. 2004). Section 1579.1525 of the statute permits, but does not require, larger districts to participate in the program "if [the Teacher Retirement System of Texas] determines" that such participation "would be administratively feasible and cost-effective." *Id.* § 1579.1525. A brief from the Teacher Retirement System of Texas informs us that such a determination was made "[b]y resolution dated November 20, 2002," and that accordingly now "all large school districts are eligible to participate in TRS-ActiveCare."[2]

The Teacher Retirement System brief also points out that there may be persons who have retired under TRS who do not qualify for TRS-Care because of differences between the eligibility criteria for retirement under the system and for participation in TRS-Care. *See* TRS Brief, *supra* note 2, at 1.

Generally, "a retiree is not entitled to service or disability retirement benefit payments, as applicable, for any month in which the retiree is employed in any position by a Texas public educational institution." TEX. GOV'T CODE ANN. § 824.601 (Vernon 1994). However, under section 824.602 of the Government Code, as you point out, "certain educational personnel can be re-employed by Texas school districts, without foregoing their retirement benefits, under certain specific conditions and circumstances." Request Letter, *supra* note 1, at 1. "Pursuant to this provision, numerous TRS retirees have returned to active employment with Texas school districts." *Id.* Your question is whether retirees eligible for TRS-Care coverage must also be afforded coverage under section 22.004(b). *See id.*

Section 22.004(b) of the Education Code does not define the term "employee." *See* TEX. EDUC. CODE ANN. § 22.004(b) (Vernon Supp. 2004). Ordinarily, the term means "every person in the service of another under any contract of hire, express or implied, . . . where the employer has the power or right to control and direct the employee in the material details of how the work is to be performed." *Riverbend Country Club v. Patterson*, 399 S.W.2d 382, 383 (Tex. Civ. App.–Eastland 1966, writ ref'd n.r.e.). Such a definition would, of course, include any person hired by an independent school district to perform services under its direction and control.

On the other hand, the term is defined for the purposes of TRS-ActiveCare in section 1579.003 of the Insurance Code:

> "[E]mployee" means a participating member of the Teacher
> Retirement System of Texas who is employed by a participating

---

[2]Brief from Conni H. Brennan, General Counsel, Teacher Retirement System of Texas, to Honorable Greg Abbott, Attorney General of Texas, at 4 (July 31, 2003) (on file with Opinion Committee) [hereinafter TRS Brief].

> entity and who is not receiving coverage . . . under [TRS-Care]. The term does not include an individual performing personal services as an independent contractor.

TEX. INS. CODE ANN. § 1579.003 (Vernon Supp. 2004). This definition was originally adopted in 2001 as part of House Bill 3343, which established TRS-ActiveCare to deal with the financial implications of the requirement of section 22.004 that school districts provide health insurance benefits comparable to the insurance offered under the group plan for state employees. *See* Act of May 28, 2001, 77th Leg., R.S., ch. 1187, § 1.01, 2001 Tex. Gen. Laws 2667, 2668. Under this definition of employee, TRS-ActiveCare coverage is not available to retirees who receive TRS-Care coverage.

You argue, as does a brief presented on behalf of the Texas Association of School Boards Legal Assistance Fund,[3] that reading section 22.004(b) to require that TRS retirees who receive TRS-Care also be covered under its separate provision would result in the anomaly that those school districts that participate in TRS-ActiveCare need not offer this class of personnel overlapping coverage, while non-participating school boards are required to do so. *See* Request Letter, *supra* note 1, at 2. On the other hand, as noted before, the TRS Brief suggests that the matter is somewhat more complicated than you describe because, as a result of the difference between the period of service required to qualify for retirement and that necessary to qualify for health care coverage, some TRS retirees in fact would not qualify for TRS-Care. *See* TRS Brief, *supra* note 2, at 1-2.

Read in the light of the rule of statutory interpretation requiring that undefined terms be given their ordinary meaning, *see* TEX. GOV'T CODE ANN. § 311.011 (Vernon 1998), section 22.004(b) makes unavoidable the discrepancy that concerns you. Certainly retirees who return to work for an independent school district are employees of the body in the common parlance, and as such are eligible for section 22.004(b) coverage. It has been suggested, however, that such an anomaly may be avoided by reading chapter 1579's definition of employee and section 22.004(b) in pari materia.

As the Texas Court of Criminal Appeals has noted

> The rule of in pari materia is nothing more than a principle of statutory interpretation, a means of devining [sic] and giving full effect to legislative intent. Two statutes that are in pari materia are to be construed together, "each enactment in reference to the other, as though they were part of one and the same law. Any conflict between their provisions will be harmonized, if possible, and effect will be given to all the provisions of each act if they can be made to stand together and have concurrent efficacy."

---

[3]Brief from JoAnn S. Wright, Walsh, Anderson, Brown, Schulze & Aldridge, P.C. on behalf of Texas Association of School Boards Legal Assistance Fund, to Nancy S. Fuller, Chair, Opinion Committee, Office of the Attorney General, at 3 (July 17, 2003) (on file with Opinion Committee).

*Burke v. State*, 28 S.W.3d 545, 546 (Tex. Crim. App. 2000) (quoting *Mills v. State*, 722 S.W.2d 411, 413-14 (Tex. Crim. App. 1986)); *accord Calvert v. Fort Worth Nat'l Bank*, 356 S.W.2d 918, 921 (Tex. 1962) ("It is . . . well settled that statutes in pari materia are to be read and construed together in arriving at the intention of the Legislature."). "Similarity of purpose or object is the most important factor in assessing whether two provisions are *in pari materia*. The two provisions must have been enacted with the same purpose in mind in order for the doctrine to apply. They must be 'closely enough related to justify interpreting one in the light of the other.'" *Burke*, 28 S.W.3d at 547 (quoting *Alejos v. State*, 555 S.W.2d 444, 450 (Tex. Crim. App. 1977)).

In this instance, the object of both section 22.004(b) and chapter 1579 is to provide health care coverage to school district employees. Section 22.004(b) is explicitly intended to make group coverage available to employees of school districts that do not participate in TRS-ActiveCare. *See* TEX. EDUC. CODE ANN. § 22.004(b) (Vernon Supp. 2004). However, section 22.004(b)'s reference to employees predates section 1579.002's definition of the term by a decade. *See* Act of May 27, 1991, 72d Leg., R.S., ch. 391, § 45, 1991 Tex. Gen. Laws 1475, 1493. It cannot be asserted that, when section 22.004(b) was adopted in 1991, the legislature had in mind a definition and a distinction it did not fashion until 2001.

Further, both section 22.004(b) as amended and section 1579.002's statutory predecessor were contained in House Bill 3343, as enacted in 2001 by the Seventy-seventh Legislature. *See* Act of May 28, 2001 §§ 1.01, 3.18, 2001 Tex. Gen. Laws at 2668, 2686-88. While the legislation explicitly refers to the relation of these two statutory schemes, and specifically excepts retirees receiving TRS-Care from the ActiveCare definition of employee, it neither refers to that exception in section 22.004 nor makes a parallel exception to the definition of employee, but simply leaves the term, as it was before, undefined. *See id.* Since the legislature could have redefined the term "employee" for the purposes of section 22.004 in the very bill in which it limited the definition for ActiveCare purposes, we presume it was conscious of and intended the distinction between the two schemes.

Finally, as previously noted, the assumption that retired teachers are necessarily entitled to participate in TRS-Care breaks down in the case of those employees who had sufficient years of service to retire, but not to qualify for health care coverage. The existence of what appears to be a gap in the general scheme here is a further argument against reading section 22.004 and section 1579.002 in pari materia. Accordingly, we cannot read the statutes in that manner, and conclude that the word "employees" in section 22.004(b) must be given its ordinary meaning.

You ask further whether a district must subsidize under section 22.004(c) any coverage available to a retiree who is not receiving TRS-Care coverage because he has waived it. *See* Request Letter, *supra* note 1, at 3. Section 22.004(c) requires that "[t]he cost of coverage . . . be shared by the employees and the district" using certain state contributions. TEX. EDUC. CODE ANN. § 22.004(c) (Vernon Supp. 2004). Again here, nothing in the language of section 22.004 would define the retiree in question as anything other than an employee. Given that any person who works for and under the direction of the school district is its employee in the ordinary sense of the term, including those retirees about whom you inquire, a district subject to section 22.004 must share the costs of group health insurance in accordance with the formula of section 22.004(c).

## S U M M A R Y

Section 22.004(b) of the Texas Education Code obliges an independent school district not participating in the Texas School Employees Uniform Group Health Coverage Program (TRS-ActiveCare) to provide group health coverage to all of its employees, including retired persons receiving such coverage under the Texas Public School Retired Employees Group Insurance Program (TRS-Care) who have returned to work. Section 22.004(c) obliges an independent school district to share the costs of participation of such a retiree who has waived coverage under TRS-Care.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

DON R. WILLETT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

James E. Tourtelott
Assistant Attorney General, Opinion Committee