IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NOS. PD-0282-12 & PD-0283-12






CHRISTINA CARLETTA JONES, Appellant


 

v.



THE STATE OF TEXAS





ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW


FROM THE FIFTH COURT OF APPEALS


DALLAS COUNTY





 Keasler, J., delivered the unanimous opinion of the Court.


O P I N I O N 



 Christina Jones claims that her conviction for fraudulent use or possession of
identifying information violated the doctrine of in pari materia because that statute conflicts
with the statute defining the offense of failure to identify, carrying a lower penalty. Because
the statutes differ in meaningful ways, we disagree and affirm the court of appeals's
judgment.

I. Facts

 In November 2007, Jones was stopped for speeding by Addison Police Officer Jeff
Sharp. Jones gave Officer Sharp her correct date of birth, but told him her name was Tiffani
Collier and gave a fictitious address. Tiffani Collier is one of Jones's former schoolmates
who shares Jones's date of birth. Officer Sharp ticketed Jones in Collier's name for speeding
in a school zone, failing to display a driver's license, and failing to maintain financial
responsibility.

 In June 2008, Jones was again stopped for speeding, this time by Officer Andre
Cerminara of the Addison Police Department. Jones told Officer Cerminara her name was
Tiffani Collier. Officer Cerminara issued another speeding ticket to Jones in Collier's name
and then arrested her for the outstanding warrant for the previous ticket she received in
November 2007 in Collier's name. Jones posted bond following her arrest and signed her
name as Tiffani Collier on the bond.

 In January 2009, Tiffani Collier complained to Addison police after receiving letters
from the Addison Municipal Court regarding a warrant for her arrest, despite not having been
stopped or ticketed in Addison. Officer Cerminara, the policeman who conducted Jones's
June 2008 stop, showed Collier a booking photo of Jones, at which point Collier told him that
the two had attended school together.

 Jones was subsequently charged in two separate indictments with the offense of
fraudulent use or possession of identifying information under Texas Penal Code § 32.51(b). 
Initially, Jones pleaded not guilty to both indictments and filed a plea to the jurisdiction on
the grounds that, under the in pari materia doctrine, she should have been charged with two
instances of failing to identify under Texas Penal Code § 38.02(b). Following a hearing on
the matter, the trial judge denied her plea to the jurisdiction. After the trial judge informed
her that adjudication cannot be deferred on a not-guilty plea, Jones entered pleas of nolo
contendere to each indictment, with a caveat that purportedly excluded the element of intent
to defraud or harm another. After a bench trial, in which the arresting officer and Tiffani
Collier testified, the trial judge placed Jones on deferred adjudication for a term of two years.

 Jones raised two issues on appeal. First, she claimed that the trial court erred in
denying her plea to the jurisdiction. In support of her claim, Jones reasserted that fraudulent
use or possession of identifying information (Texas Penal Code § 32.51(b)), a state jail
felony, and failure to identify (Texas Penal Code § 38.02(b)), a class B misdemeanor, were
in pari materia and thus she should have been charged under § 38.02(b), the more lenient
statute. The court of appeals rejected this argument, holding that these two statutes are not
in pari materia because they have different purposes, require different elements of proof, and
carry different penalties. (1) Second, Jones claimed the evidence adduced at trial was
insufficient to support her convictions under Texas Penal Code § 32.51, particularly with
regard to the element requiring intent to defraud or harm another. In its analysis of this issue,
the court of appeals applied the sufficiency standard set forth in Ex parte Martin, (2) which
applies to sufficiency claims in cases involving pleas of nolo contendere and guilty. (3) The
court of appeals rejected Jones's sufficiency claim after interpreting Martin to require only
that "the State introduce[] evidence embracing every essential element of the charged
offenses . . . sufficient to establish the defendant's guilt" and finding that the standard had
been met. (4) We granted Jones's petition for discretionary review to determine whether (1) the
statutes in question are in pari materia and (2) the court of appeals applied the proper
standard of review to Jones's sufficiency claim.

II. AnalysisA. In Pari Materia The doctrine of in pari materia is a rule of statutory construction that seeks to carry
out the Legislature's intent. (5) Statutes are in pari materia when they "deal with the same
general subject, have the same general purpose, or relate to the same person or thing or class
of persons and things," though we have previously made clear that the statutes' purposes are
the most significant factors. (6)

 The doctrine arises "where one statute deals with a subject in comprehensive terms
and another deals with a portion of the same subject in a more definite way." (7) In the context
of penal provisions in particular, "this Court has on a number of occasions found two statutes
to be in pari materia . . . where one provision has broadly defined an offense, and a second
has more narrowly hewn another offense, complete within itself, to proscribe conduct that
would otherwise meet every element of, and hence be punishable under, the broader
provision." (8) This Court has made clear, however, that "[t]he adventitious occurrence of like
or similar phrases, or even of similar subject matter, in laws enacted for wholly different ends
will not justify applying the rule." (9)

 When two statutes are in pari materia, the doctrine requires that the statutes be "taken,
read, and construed together, each enactment in reference to the other, as though they were
parts of one and the same law." (10) To that end, "[a]ny conflict between their provisions will
be harmonized, if possible, and effect will be given to all the provisions of each act if they
can be made to stand together and have concurrent efficacy." (11) Where such statutes
irreconcilably conflict, however, "the more detailed enactment . . . will prevail, regardless
of whether it was passed prior to or subsequently to the general statute, unless it appears that
the legislature intended to make the general act controlling." (12) Further, such conflict
implicates due process rights that require the State to prosecute the defendant under the
special statute where two statutes are in pari materia. (13)

 Under Texas Penal Code § 32.51(b), a person commits the offense of fraudulent use
or possession of identifying information if:

 the person, with the intent to harm or defraud another, obtains, possesses,
transfers, or uses an item of: (1) identifying information of another person
without the other person's consent; or (2) information concerning a deceased
natural person, including a stillborn infant or fetus, that would be identifying
information of that person were that person alive, if the item of information is
obtained, possessed, transferred, or used without legal authorization; or (3)
identifying information of a child younger than 18 years of age.

 Under Texas Penal Code § 38.02(b), a person commits the offense of failure to
identify if:

 he intentionally gives a false or fictitious name, residence address, or date of
birth to a peace officer who has: (1) lawfully arrested the person; (2) lawfully
detained the person; or (3) requested the information from a person that the
peace officer has good cause to believe is a witness to a criminal offense.


 First, we note that the statutes appear to be aimed at different classes of people. While
§ 32.51 applies broadly to anyone who, with intent to harm or defraud another, obtains,
possesses, transfers, or uses the identifying information of another, § 38.02(b)(1)-(3), by its
elements, applies only to those who have been lawfully arrested or detained by the police or
who are believed by police to have witnessed a crime. Section 38.02, then, applies to a much
narrower class of persons than § 32.51. Put another way, the unique circumstances
surrounding the conduct separates the two statutes.

 Second, the plain language and placement of each statute in the Penal Code indicate
that § 32.51 and § 38.02 do not have the same subject or purpose. The plain language of §
32.51 suggests that the subject of that statute is the use of another's identifying information
without permission. The plain language of § 38.02, on the other hand, suggests that the
subject of that statute is the act of providing police officers with false identification. The
statutes' plain language further demonstrates that the purposes of the two statutes are
sufficiently dissimilar. The purpose of § 32.51 is to prevent identity theft. This statute's
placement within Title 7 of the Penal Code, entitled "Offenses Against Property" indicates
the statute is property-centric. More specifically, its inclusion within Chapter 32, Sub-Chapter D, entitled "Fraud" and "Other Deceptive Practices," respectively, is indicative of
the fact that this offense is intended to prevent fraudulent practices. The purpose of § 38.02,
on the other hand, is to ensure that officer's receive accurate information by criminalizing
the act of providing law enforcement with false identification. Here, too, an examination of
the placement of the statute within the Penal Code is informative. Section 38.02 is located
in Chapter 38, entitled "Obstructing Governmental Operation," of Title 8, entitled "Offenses
Against Public Administration."

 Also relevant is the fact that neither offense appears to be a "more narrowly hewn"
version of the other, as is generally the case where two penal statutes are in pari materia. (14) 
This is because each offense contain elements that the other does not. Section 32.51 requires
an intent to defraud or harm another, while § 38.02 includes no such requirement. Section
32.51 also requires that the name used be that of a real person, while under § 32.51, the false
name can be entirely fictional. Section 38.02 requires that the misinformation be conveyed
during an arrest or detention or in circumstances leading a police officer to believe that the
person conveying the misinformation is a witness to a criminal offense. 

 Finally, because the in pari materia doctrine seeks to give full effect to legislative
intent, § 32.51(e) is the most authoritative proof that the Legislature did not intend to limit
the State to prosecution under § 38.02 in circumstances in which §32.51 is equally
applicable. Subsection (e) of § 32.51 states that "[i]f conduct that constitutes an offense
under this section also constitutes an offense under any other law, the actor may be
prosecuted under this section, the other law, or both." (15) This manifests the clear intent of the
Legislature to allow prosecution under this section or any other relevant section of the Penal
Code, seemingly despite any potential conflict between statutes. Here, the Legislature made
its intent clear. To ignore this subsection would be to disregard that intent, contrary to the
very purpose of the doctrine of in pari materia.

 Given that § 32.51 and § 38.02 have different subjects and purposes and are aimed at
different groups of people, it is clear that the two are not in pari materia, particularly in light
of § 32.51(e). The court of appeals correctly held that the doctrine of in pari materia did not
preclude Jones's prosecution under § 32.51.

B. Applicable Sufficiency Standard

 Upon further review of the record, we conclude that review of Jones's second issue,
in which she asserts the court of appeals applied an improper standard of review, was
improvidently granted.

 The court of appeals's judgment is affirmed.


DATE DELIVERED: April 17, 2013

PUBLISH
1. Jones v. State, Nos. 05-10-01561-CR and 05-10-01562-CR, 2012 Tex. App.
Lexis 785, at *5-6 (Tex. App.--Dallas Jan. 31, 2012) (mem. op., not designated for
publication).
2. Ex parte Martin, 747 S.W.2d 789 (Tex. Crim. App. 1988) (op. on reh'g).
3. Ex parte Martin, 747 S.W.2d 789 (Tex. Crim. App. 1988) (op. on reh'g). 
4. Jones, Nos. 05-10-01561-CR and 05-10-01562-CR, 2012 Tex. App. Lexis 785 at
*7-8.
5. Mills v. State, 722 S.W.2d 411, 413 (Tex. Crim. App. 1986).
6. Azeez v. State, 248 S.W.3d 182, 191 (Tex. Crim. App. 2008); Alejos v. State, 555
S.W.2d 444, 450 (Tex. Crim. App. 1977) (quoting 2A C. Dallas Sands et al, Statutes
and Statutory Construction § 51.03, at p. 298 (4th ed., 1973 & Supp.))
7. Azeez, 248 S.W.3d at 192.
8. Id.
9. Alejos, 555 S.W.2d at 450 (quoting 53 Tex. Jur. 2d, Statutes § 186 (1964)).
10. Azeez, 248 S.W.3d at 192.
11. Id.
12. Id.
13. Ex parte Smith, 185 S.W.3d 887, 892 (Tex. Crim. App. 2006); see Tex. Gov't
Code § 311.026 ("(a) If a general provision conflicts with a special or local provision, the
provision shall be construed, if possible, so that effect is given to both. (b) If the conflict
between the general provision and the special or local provision is irreconcilable, the
special or local provision prevails as an exception to the general provision, unless the
general provision is the later enactment and the manifest intent is that the general
provision prevail.")
14. Azeez, 248 S.W.3d at 192.
15. Tex. Penal Code § 32.51(e).